RAY SELLERS v. THE CITY OF ASHEVILLE

No. 7728SC257

(Filed 6 July 1977)

1. **Municipal Corporations § 30— extraterritorial zoning ordinance — failure to comply with enabling statutes**

    In attempting to make its zoning ordinance applicable to property outside its city limits, defendant failed to comply with applicable enabling statutes in two respects: (1) it failed to give notice of a public hearing, as required by G.S. 160A-364, adequate to alert owners of property outside the city that their rights might be affected; and (2) it failed to define the boundaries of the extraterritorial area affected in the definitive manner required by G.S. 160A-360.

2. **Appeal and Error § 7— no appeal by plaintiff — no right to raise questions on appeal**

    In an action by plaintiff to enjoin enforcement of defendant's zoning ordinance outside the city limits, plaintiff could not question on appeal the trial court's action in limiting the injunction to plain-

Sellers v. City of Asheville

tiff's property rather than making it applicable to the properties of all other affected citizens, since plaintiff did not have standing to represent the interests of persons who were not parties to the litigation, and plaintiff did not appeal from the judgment entered.

APPEAL by defendant from *Martin (Harry), Judge.* Judgment entered 20 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 June 1977.

Plaintiff, the owner of a tract of land outside the city limits, brought this action against the City of Asheville seeking a judgment declaring certain sections of the Asheville City Zoning Ordinance invalid and enjoining enforcement of the ordinance outside the city limits. The case was heard on plaintiff's motion for summary judgment. The material facts, as to which there is no genuine issue, are as follows:

Since 1948 the City of Asheville has had a zoning Ordinance, being its Ordinance 322, applicable to property within its city limits. Prior to 20 February 1975 the City had never exercised zoning authority over property located outside its city limits. On that date the City Council adopted Ordinance No. 322, as amended, Section 30-1-3 of which contains the following:

"The provisions of this Ordinance shall apply within the corporate limits of the City of Asheville, North Carolina and within the territory beyond the corporate limits for a distance of one mile in all directions in accordance with the authority granted to the City of Asheville in Article 19, Chapter 160A-360, as amended, of the General Statutes of North Carolina."

This Ordinance incorporated and made a part thereof a "Zoning Map of the City of Asheville," and the Ordinance and Map were properly recorded in the Office of the Register of Deeds of Buncombe County, N. C.

Before adopting the amended Ordinance, the Asheville City Council held a series of public hearings, the first of which was held on 19 September 1974. On 3 and 10 September 1974 the following notice was published in the Asheville Times:

"NOTICE TO PUBLIC

Notice is hereby given according to law to all parties in interest and citizens: That according to the procedures

and requirements contained in G.S. 160A-364 a public hearing will be held on the 19th day of September, 1974, at 3:00 o'clock p.m. in the City Council Chambers, Asheville, North Carolina, concerning the adoption of an ordinance amending and revising Ordinance No. 322, as amended, the Zoning Ordinance of the City of Asheville at which time and place the City Council will place on its first reading said proposed ordinanced (sic) after said public hearing.

This 3rd day of September, 1974.

William F. Wolcott, Jr.
City Clerk"

A second notice was published in The Asheville Times on 23 and 30 December 1974 that "according to the procedures and requirements contained in G.S. 160A-364 the continued public hearing will be concluded" on 9 January 1974 (sic) "concerning the adoption of an ordinance amending and revising Ordinance No. 322, as amended, the Zoning Ordinance of the City of Asheville. . . ." A third notice was published in The Asheville Times on 15 January 1975 that "[t]he continued public hearing will be concluded" on 16 January 1975 "concerning the adoption of an ordinance amending and revising Ordinance No. 322, as amended, the Zoning Ordinance of the City of Asheville at which time and place the City Council will place on its first reading said proposed ordinance after concluding said public hearing." The amended Ordinance No. 322, containing Section 30-1-3 making its provision applicable within the corporate limits "and within the territory beyond the corporate limits for a distance of one mile in all directions," was adopted at a meeting of the Asheville City Council held on 20 February 1975.

Plaintiff, the owner of a lot outside but within one mile of the city limits, placed a mobile home on his lot. He desires that this be used as a residence. Such a use is prohibited by the Asheville City Zoning Ordinance.

In moving for summary judgment, plaintiff contended that the ordinance was invalid insofar as it attempts to exercise extraterritorial zoning authority because the notices given by the City prior to adopting the ordinance failed to comply with constitutional and statutory requirements and because the ordinance itself failed to comply with such requirements as to de-

fining boundaries in terms of geographical features identifiable on the ground. The court granted the motion and entered judgment, finding no genuine issue as to any material fact, and ruling that plaintiff was entitled to judgment as a matter of law for the reasons:

> "1. That the Respondent City of Asheville failed to adequately provide notice of the public hearings conducted for the purpose of considering the proposed extensions of the zoning authority of the City of Asheville to properties located outside of the Corporate Limits of the City of Asheville, North Carolina.

> 2. That the boundaries for the extraterritorial zone, failed to meet the required definitiveness as required by NCGS 160A-360, as amended."

The court adjudged the ordinance invalid "to the extent that it extends the zoning authority for the City of Asheville to the property" of the plaintiff, and enjoined the City from enforcing the ordinance as it applies to plaintiff's property. From this judgment, the defendant City appealed.

*Bennett, Kelly & Cagle, P.A., by Robert F. Orr for plaintiff appellee.*

*Patla, Straus, Robinson & Moore, P.A., by Victor W. Buchanan for defendant appellant.*

PARKER, Judge.

A city has power to zone only as delegated to it by enabling statutes, and "a zoning ordinance or an amendment thereto which is not adopted in accordance with the enabling statutes is invalid and ineffective." *Heaton v. City of Charlotte,* 277 N.C. 506, 513, 178 S.E. 2d 352, 356 (1971) ; *accord, Keiger v. Board of Adjustment,* 281 N.C. 715, 190 S.E. 2d 175 (1972). We agree with the trial court's ruling that defendant City in this case failed to comply with applicable enabling statutes insofar as it attempted to extend its zoning ordinance to property outside of its corporate limits. Accordingly, we affirm.

The North Carolina enabling statutes granting cities power to zone are now contained in Chapter 160A, Article 19, of the General Statutes. Pertinent to this appeal are the following:

"G.S. 160A-360. *Territorial jurisdiction.*— (a) All of the powers granted by this Article may be exercised by any city within its corporate limits. In addition, any city may exercise these powers *within a defined area* extending not more than one mile beyond its limits. . . . (Emphasis added.)

(b) Any council wishing to exercise extraterritorial jurisdiction under this Article shall adopt, and may amend from time to time, an ordinance specifying the areas to be included based upon existing or projected urban development and areas of critical concern to the city, as evidenced by officially adopted plans for its development. Boundaries shall be defined, to the extent feasible, in terms of geographical features identifiable on the ground. . . . The boundaries specified in the ordinance shall at all times be drawn on a map, set forth in a written description, or shown by a combination of these techniques. . . . (Emphasis added.)

\*     \*     \*

G.S. 160A-364. *Procedure for adopting or amending ordinances under Article.*—Before adopting or amending any ordinance authorized by this Article, the city council shall hold a public hearing on it. A notice of the public hearing shall be given once a week for two successive calendar weeks in a newspaper having general circulation in the area. The notice shall be published the first time not less than 15 days nor more than 25 days before the date fixed for the hearing."

[1] In attempting to make its zoning ordinance applicable to property outside its city limits, defendant City in this case failed to comply with the foregoing statutes in two respects: first, it failed to give notice of a public hearing, as required by G.S. 160A-364, adequate to alert owners of property outside the city that their rights might be affected; and, second, it failed to define the boundaries of the extraterritorial area affected in the manner required by G.S. 160A-360.

Of the three notices which were published, the third and final one was published only once, and that on the day immediately prior to the date on which the public hearing was to be held. G.S. 160A-364 requires that the notice be published once a week for two successive weeks, the first publication to be not less than 15 nor more than 25 days before the date fixed for the hearing. None of the notices informed the public that the City intended, for the first time in its history, to make its zoning ordinance applicable to property outside its city limits. The mere reference in the first and second notices to G.S. 160A-364 would certainly not do so, for that statute would be equally applicable if the contemplated amendments to the ordinance affected only property within the city. By reading the notice, even the most diligent owner of property outside the city would have no reasonable cause to suspect that his property might be affected by the City's contemplated amendment to its ordinance. To be adequate, the notice of public hearing required by G.S. 160A-364 must fairly and sufficiently apprise those whose rights may be affected of the nature and character of the action proposed. The notices which defendant City published in the present case failed to do this insofar as owners of property outside its limits were concerned.

In exercising the power delegated to a city by G.S. 160A-360(a) to zone property "within a defined area extending not more than one mile beyond its limits," the city council is required by G.S. 160A-360(b) to adopt an ordinance "specifying the areas to be included," based on certain criteria, and in doing so the boundaries of such areas must "be defined, to the extent feasible, in terms of geographical features identifiable on the ground." Further, the statute requires that such boundaries "shall at all times be drawn on a map, set forth in a written description, or shown by a combination of these techniques." In adopting the ordinance involved in the present case, the city council of defendant City failed to comply with these statutory requirements.

The only "written description" of the "defined area" over which defendant City attempted to exercise its extraterritorial zoning authority is the description contained in Section 30-1-3 of the ordinance. This merely refers to "the territory beyond the corporate limits for a distance of one mile in all directions." The "Zoning Map of the City of Asheville," which was made a part of the ordinance and a copy of which was filed with the

record on this appeal, shows the "mile boundary" drawn in sweeping curves, except where the city bordered upon adjacent municipalities. Both the general description in Section 30-1-3 of the ordinance and the sweeping "mile boundary" line on the map fail to comply with the mandate of the statute that "[b]oundaries *shall* be defined, to the extent feasible, in terms of geographical features identifiable on the ground." (Emphasis added.) The obvious purpose of this statutory mandate is that boundaries be defined, to the extent feasible, so that owners of property outside the city can easily and accurately ascertain whether their property is within the area over which the city exercises its extraterritorial zoning authority. The ordinance and map here in question do not make that possible, at least as to the owner of property near the one mile limit. It is not a sufficient answer that, from an engineering point of view, it would be possible for a competent surveyor to measure on the ground a distance of exactly one mile beyond the city limits and thereby ascertain with certainty whether a particular lot is, or is not, within the area over which the City exercises its extraterritorial zoning authority. It was precisely to avoid the necessity of such a costly remedy that the statute requires that the boundaries be defined, to the extent feasible, in terms of geographical features identifiable on the ground. We agree with the trial court's conclusion that the boundaries of the extraterritorial zone in this case "failed to meet the required definitiveness" mandated by the statute.

[2]  Plaintiff has attempted by "Cross Assignments of Error" to question the trial court's action in limiting the injunction to plaintiff's property rather than making it applicable to the properties of all other affected citizens. This question is not properly before us. Quite apart from any question as to plaintiff's standing to represent the interests of persons who are not parties to this litigation, plaintiff did not appeal from the judgment entered. Rule 10(d) of the Rules of Appellate Procedure does permit an appellee to "cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been taken, *and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.*" (Emphasis added.) The action of the trial court in limiting the injunction to plaintiff's property did not deprive plaintiff of

"an alternative basis in law for supporting the judgment," and Rule 10(d) is not applicable in this case.

The judgment appealed from is

Affirmed.

Judges BRITT and CLARK concur.