TOWN OF LAKE WACCAMAW v. ADRIAN SAVAGE AND WIFE, ESTHER SAVAGE

No. 8613DC1100

(Filed 16 June 1987)

1. **Municipal Corporations § 30— extraterritorial jurisdiction—local act—description requirements for ordinance**

   An act authorizing the Town of Lake Waccamaw to exercise extraterritorial jurisdiction within one mile of the town limits and within 2,000 feet of Lake Waccamaw's high water mark did not exempt the town from the description requirements of N.C.G.S. § 160A-360(b).

2. **Municipal Corporations § 30— extraterritorial jurisdiction ordinance—insufficient description**

   A town ordinance describing the territory over which it seeks to exercise extraterritorial jurisdiction by reference to a map which shows some sweeping lines located around a lake and around what appear to be the town limits does not comply with the description requirements of N.C.G.S. § 160A-360(b).

APPEAL by plaintiff from summary judgment entered by *Hooks, Judge.* Judgment entered 18 July 1986 in District Court, COLUMBUS County. Heard in the Court of Appeals 4 March 1987.

*Williamson & Walton, by C. Greg Williamson, for plaintiff-appellant.*

*W. Lewis Sauls, for defendant-appellee.*

GREENE, Judge.

This is a civil action instituted by the Town of Lake Waccamaw. The town seeks a mandatory injunction requiring defendants to remove a sign from their property. It contends defendants' sign violates its sign ordinance. Defendants contend their property is located outside the town limits and that the town's attempt to exercise extraterritorial jurisdiction over them is invalid.

G.S. 160A-360 authorizes towns of Lake Waccamaw's size to exercise certain powers within their town limits and "within a defined area extending not more than one mile beyond [their] limits." G.S. 160A-360(a). Subsection (b) of the statute provides that any town

> wishing to exercise extraterritorial jurisdiction under this Article shall adopt . . . an ordinance specifying the areas to be included . . . . Boundaries shall be defined, to the extent feasible, in terms of geographical features identifiable on the ground. . . . The boundaries specified in the ordinance shall at all times be drawn on a map, set forth in a written description, or shown by a combination of these techniques.

Lake Waccamaw is a fairly large body of water extending several miles from shore to shore. The Town of Lake Waccamaw is located on its northern shore. In 1973, the General Assembly of North Carolina enacted House Bill 686. 1973 N.C. Sess. Laws Ch. 131. It reads in part:

> The boundaries of the territory within which the Governing Board of the Town of Lake Waccamaw *may exercise* the powers set forth in Article 19 of Chapter 160A [G.S. 160A-360 *et seq.*] of the General Statutes shall include the territory described as follows:

"All lands within one mile of the town limits and those lands within 2,000 feet of the high water mark around the entire body of Lake Waccamaw." [Emphasis added.]

In 1975, the Town of Lake Waccamaw enacted an ordinance entitled Extraterritorial Jurisdiction Ordinance. The ordinance defined the extraterritorial boundaries by reference to a map. The map shows the boundaries drawn in sweeping curves around the town limits and the lake. Thereafter, the town enacted a sign ordinance regulating signs within the town limits and the extraterritorial areas.

Upon defendants' motion to dismiss for failure to state a claim upon which relief could be granted, the trial court heard oral arguments and considered exhibits offered by both parties under G.S. 1A-1, Rule 12(b). It then granted summary judgment for defendants. The town appeals.

The issues before us are whether H.B. 686 exempts the Town of Lake Waccamaw from the description requirements set out in G.S. 160A-360(b) and, if the town is not exempt, whether its extraterritorial ordinance complies with those requirements.

I

[1] In H.B. 686, the Legislature provided that the Town of Lake Waccamaw "may exercise the powers set forth" in G.S. 160A-360 *et seq.* within one mile of the town limits and within 2,000 feet of Lake Waccamaw's high water mark. The Legislature's intent can be ascertained from the bill's phraseology. *See In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). The Legislature used the language "may exercise." It did not exercise extraterritorial jurisdiction on behalf of Lake Waccamaw but merely permitted it to be done. In other words, by enacting H.B. 686, the Legislature merely intended to expand the possible authority of the Town of Lake Waccamaw under G.S. 160A-360(a).

While too much weight should not be put on the particular wording of the statute or bill, the additional rules of statutory construction brought forth by plaintiff only further confirm our interpretation of the bill. Therefore, to permit the Town of Lake Waccamaw to avoid the description requirements of G.S. 160A-360(b) would not be in keeping with the Legislature's intent. We

hold that the town is not exempt from the description requirements of G.S. 160A-360(b).

## II

[2]  "A city has power to zone only as delegated to it by enabling statutes, and 'a zoning ordinance or an amendment thereto which is not adopted in accordance with the enabling statutes is invalid and ineffective.'" *Sellers v. City of Asheville*, 33 N.C. App. 544, 547, 236 S.E. 2d 283, 285 (1977) (quoting *Heaton v. City of Charlotte*, 277 N.C. 506, 513, 178 S.E. 2d 352, 356 (1971)). In light of our holding above, when the Town of Lake Waccamaw enacted its extraterritorial ordinance, it was required by G.S. 160A-360(b) to include either a valid written description of the extraterritorial area, a map with an adequate description or an adequate combination of the two. If it did not, then its extraterritorial ordinance is invalid and it cannot require defendants, who live outside its town limits, to comply with its sign ordinance.

Lake Waccamaw's ordinance describes the territory over which it seeks extraterritorial jurisdiction by reference to a map. The map shows some sweeping and curving lines located around Lake Waccamaw and around what appear to be the town limits. There is no written description of the area over which the town attempts to exercise its extraterritorial jurisdiction; we must determine if the map is an adequate description.

We find the case of *Sellers v. City of Asheville*, 33 N.C. App. 544, 236 S.E. 2d 283 (1977) dispositive. In *Sellers*, the City of Asheville attempted to extend its extraterritorial jurisdiction. The ordinance adopted by the city described the property as the territory "beyond the corporate limits for a distance of one mile in all directions . . . ." *Id.* at 546, 236 S.E. 2d at 285. The city adopted a zoning map which showed the approximate location of the extraterritorial one mile boundary with "sweeping curves, except where the city bordered upon adjacent municipalities." *Id.* at 549-50, 236 S.E. 2d at 287. Sellers owned property within one mile of the city limits, *id.* at 546, 236 S.E. 2d at 285, and brought the action to declare certain sections of the ordinance invalid and to enjoin its enforcement outside the city limits. *Id.* at 545, 236 S.E. 2d at 284.

We found that Asheville's description of its extraterritorial properties did not comply with the description requirements of G.S. 160A-360(b):

> The obvious purpose of this statutory mandate is that boundaries be defined, to the extent feasible, so that owners of property outside the city can easily and accurately ascertain whether their property is within the area over which the city exercises its extraterritorial zoning authority. . . . It is not a sufficient answer that, from an engineering point of view, it would be possible for a competent surveyor to measure on the ground a distance of exactly one mile beyond the city limits and thereby ascertain with certainty whether a particular lot is, or is not, within the area over which the City exercises its extraterritorial zoning authority. It was precisely to avoid the necessity of such a costly remedy that the statute requires that the boundaries be defined, to the extent feasible, in terms of geographical features identifiable on the ground.

*Sellers*, 33 N.C. App. at 550, 236 S.E. 2d at 287.

In reviewing the map submitted as an exhibit in the case before us, the sweeping curves drawn around the lake and the town limits are in no way definable. No distances are shown on the map and the lines themselves do not coincide with any geographical feature on the ground. By looking at the map, even in conjunction with H.B. 686, owners of property outside the town limits cannot easily and accurately ascertain whether their property is within the area over which the Town of Lake Waccamaw attempts to exercise extraterritorial jurisdiction. Therefore, the ordinance does not comply with the description requirements of G.S. 160A-360(b).

Accordingly, summary judgment for defendants is

Affirmed.

Judges ARNOLD and MARTIN concur.