IN RE: APPLICATION OF B. C. RAYNOR; ROBERT A. BRYAN, W. JOSEPH BRYAN, FLORA BRYAN, ALICE B. JOHNSON, JOHN G. PECK, PAMELA R. PECK, JOSEPH C. PLEASANTS, AND CAROLYN H. PLEASANTS v. BOBBY C. RAYNOR AND THE TOWN OF GARNER, NORTH CAROLINA

No. 8810SC1058

(Filed 6 June 1989)

1. **Municipal Corporations § 30.21— extraterritorial jurisdiction zoning proposals—adequacy of notice of public hearing**

There was sufficient notice of a public hearing on 7 September 1982 to apprise those who might have been affected of the nature and character of the extraterritorial jurisdiction zoning proposals where affected landowners were notified by mail; notice of the hearing was published in the local newspaper on 25 August and 1 September 1982; and the notice stated that the purpose of the hearing was to consider "proposed zonings and proposed long-range land use plans within the area

recently added to the Town's extraterritorial jurisdiction," then gave the boundaries of the affected area. N.C.G.S. § 160A-364.

**2. Municipal Corporations § 30.21 — meetings of Town Planning Board and Board of Aldermen — sufficiency of notice to landowners**

There was no merit to plaintiffs' contention that meetings of a Town Planning Board and the Board of Aldermen were not given sufficient public notice where a public hearing was held with regard to proposed R-40 zoning in an extraterritorial area (R-40 permitting single family homes requiring lots of at least 40,000 square feet and permitting individual mobile homes on lots of the requisite size with approval of the Town Board of Adjustment); at the end of the meeting, the mayor stated that the zoning matter would be referred to the Planning Board for recommendation; every landowner affected by the zoning proposal was informed by letter that the Planning Board would make a recommendation to the Board of Aldermen; it was clear from the letter and from the public hearing that the decision as to the zoning of the area was not final at the close of the hearing; plaintiffs should have been on notice that the ultimate decision was to be made at a later time; defendant landowner wrote the Town a letter requesting that his affected property be zoned R-5 (residential zoning allowing placement of mobile homes within a mobile home park on lots with a minimum of 5,000 square feet); the Planning Board and Board of Aldermen held regularly scheduled meetings and considered the zoning proposal and special requests from landowners; and the changes, including defendant's R-5 zoning, in the overall zoning of the area were not substantial.

APPEAL by plaintiffs from *Stephens, Judge.* Judgment entered 16 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 18 April 1989.

In March of 1982 the Town of Garner extended its extraterritorial zoning jurisdiction (ETJ) pursuant to N.C.G.S. § 160A-360. Part of this extension encompassed property owned by plaintiffs and defendant Bobby Raynor. On 25 August 1982 landowners who were affected by the extension were notified by mail of a public hearing on 7 September 1982 to consider proposed zoning of the property affected. Notice of the public hearing was also published in the *Garner News* on 25 August and 1 September 1982.

## IN RE APPLICATION OF RAYNOR

[94 N.C. App. 91 (1989)]

The public hearing was held on 7 September 1982 and several concerned property owners addressed the group gathered. Several persons who spoke desired zoning for their property different than the proposed R-40 zoning (R-40 is zoned for single-family residences requiring lots of at least 40,000 square feet per housing unit; individual mobile homes may be allowed if placed on a lot of the requisite size, and if approved by the Garner Board of Adjustment). Defendant Raynor did not speak at the public hearing to request a different zoning of his property. At the conclusion of this hearing, Garner's Mayor Doughtry referred the matter to the Garner Planning Board for a recommendation to the Garner Board of Aldermen who were ultimately to decide the zoning for the affected property.

The Planning Board held a regularly scheduled meeting on 15 September 1982 and one of the topics discussed was the ETJ zoning proposals. Prior to that meeting defendant Raynor wrote the Town to request that his affected property be zoned R-5 (residential zoning allowing placement of mobile homes within a mobile home park on lots with a minimum of 5,000 square feet).

On 21 September 1982 the Garner Board of Aldermen met at a regularly scheduled meeting and considered the ETJ zoning recommendations made by the Planning Board. The Planning Board had recommended that the majority of the ETJ be zoned R-40, but it also recommended that several landowners, including defendant Raynor, be granted different zoning as they had requested. The Board of Aldermen approved the recommendations of the Planning Board and thus defendant Raynor's property was zoned R-5.

On 20 March 1987 defendant Raynor applied for a conditional-use permit to construct a mobile home park on the property zoned R-5 in 1982. Because their property abutted defendant Raynor's property, plaintiffs filed a petition with the Town to "down-zone" Raynor's property from R-5 to R-40. The Town Board held a public hearing on the request and a related request by plaintiffs to deny Raynor's application for a conditional-use permit.

At the conclusion of the hearing the Town referred plaintiffs' petition to the Planning Board whose members voted unanimously to recommend to the Aldermen that the petition be denied. On 21 July 1987 the Board of Aldermen accepted the Planning Board's recommendation and denied plaintiffs' petition to "down-zone" Raynor's property.

**IN RE APPLICATION OF RAYNOR**

[94 N.C. App. 91 (1989)]

Plaintiffs then instituted this action claiming, *inter alia,* that proper notice of the actions by the Garner Planning Board and Board of Aldermen was lacking and thus their actions were void. Both defendants moved for summary judgment based on the statute of limitations and the trial court granted these motions. From that judgment, plaintiffs appeal.

*Hunter, Wharton & Lynch, by John V. Hunter, III, for plaintiff appellants.*

*Hatch, Little & Bunn, by David H. Permar and Catherine Thompson-Rockermann, for defendant appellee Bobby C. Raynor.*

*DeBank, McDaniel, Heidgerd, Holbrook & Anderson, by William E. Anderson, for appellee Town of Garner.*

ARNOLD, Judge.

Plaintiffs argue that summary judgment on the basis of the statute of limitations was inappropriate, and the trial court erred in granting defendants' motions. More particularly, plaintiffs argue that because there was no public notice of the meetings of the Planning Board and Board of Aldermen on 15 September and 21 September 1982 respectively, plaintiffs did not know that Raynor's property had been zoned differently than R-40, and thus they should not be precluded from their action by the statute of limitations.

Summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c).

Pursuant to N.C.G.S. § 160A-360, a town's municipal powers may be exercised over extraterritorial areas not to exceed one mile beyond the town's city limits (or not more than three miles if the town is larger than 10,000 people and smaller than 25,000 residents). This extraterritorial jurisdiction may be obtained with the approval of the board or boards of the county commissioners with jurisdiction over the area. N.C.G.S. § 160A-360.

N.C.G.S. § 160A-364 provides that before adopting or amending any ordinance authorized by Article 19 (which includes § 160A-364), the town council shall hold a public hearing on the matter.

> A notice of the public hearing shall be given once a week for two successive calendar weeks in a newspaper having general circulation in the area. The notice shall be published the first time not less than 10 days nor more than 25 days before the date fixed for the hearing.

N.C.G.S. § 160A-364.

Once a city or town has placed within its jurisdiction extraterritorial areas, methods of procedure for zoning are as follows:

> The city council shall provide for the manner in which zoning regulations and restrictions and the boundaries of zoning districts shall be determined, established and enforced, and from time to time amended, supplemented or changed, in accordance with the provisions of this Article. The procedures adopted pursuant to this section shall provide that whenever there is a zoning classification action involving a parcel of land, the owner of that parcel of land as shown on the county tax listing, and the owners of all parcels of land abutting that parcel of land as shown on the county tax listing, shall be mailed a notice of the proposed classification by first class mail at the last addresses listed for such owners on the county tax abstracts; provided that this sentence does not apply in the case of a total rezoning of all property within the corporate boundaries of a municipality. The person or persons mailing such notices shall certify to the City Council that fact, and such certificate shall be deemed conclusive in the absence of fraud.

N.C.G.S. § 160A-384 (this statute was amended in 1985, and prior to that the second and third sentences requiring notice by first-class mail to all abutting property owners was not present).

[1] As part of their argument for lack of notice, plaintiffs contend that the notice given for the public hearing was insufficient under North Carolina law. We do not agree.

"To be adequate, the notice of public hearing required by G.S. 160A-364 must fairly and sufficiently apprise those whose rights may be affected of the nature and character of the action proposed." *Sellers v. City of Asheville*, 33 N.C. App. 544, 549, 236 S.E. 2d 283, 286 (1977). In *Sellers* three notices were published by the Town of Asheville. The first and second notices only stated that there was to be a public hearing pursuant to N.C.G.S. § 160A-

364 on a named city ordinance. The third notice, only one day prior to the hearing, stated that the ordinance at issue affected "the territory beyond the corporate limits for a distance of one mile in all directions." *Id.* at 546, 236 S.E. 2d at 285.

In the case *sub judice* the following notice was published in the *Garner News* on 25 August and 1 September 1982:

> Notice is hereby given that the Garner Board of Aldermen and the Garner Planning Board will conduct a joint hearing on Tuesday, September 7, 1982, at 7:30 p.m. in the Garner Town Hall to consider proposed zonings and proposed long-range land use plans within the area recently added to the Town's extraterritorial jurisdiction. This extraterritorial jurisdiction extension encompasses an area of approximately 1 mile in width ringing the present Garner ETJ between Jones Sausage Road east and south across U.S. 70 and White Oak Road to N.C. 50. The boundaries of this area may be roughly described, starting at Jones Sausage Road and as Auburn Church Road and Big Branch south to U.S. 70, from U.S. 70 along lot lines to White Oak and south Jones Sausage Road; then along Clifford Road and lot lines south of the trailer park off New Bethel Church Road to N.C. 50, and then north along N.C. 50 to present jurisdictional limits, an area of approximately 4236 acres. This extension has been approved by both the Town and Wake County.

> Those persons interested in these items are invited to attend the hearing. Additional information is on file in the Planning Office at Garner Town Hall and is available during regular office hours.

We conclude that the notice in the case *sub judice* is distinguishable from the notice in the *Sellers* case, and we hold that there was sufficient notice of the public hearing on 7 September to apprise those who might have been affected of the nature and character of the ETJ zoning proposals. *See Sellers*, 33 N.C. App. 544, 236 S.E. 2d 283; *see also Capps v. City of Raleigh*, 35 N.C. App. 290, 241 S.E. 2d 527 (1978).

[2] Plaintiffs also contend that even if the meeting of 7 September 1982 were given proper public notice, the subsequent meetings of the Town Planning Board, and Board of Aldermen, were not given sufficient public notice.

### IN RE APPLICATION OF RAYNOR

[94 N.C. App. 91 (1989)]

In *Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E. 2d 352 (1971), several developers petitioned the City of Charlotte for a rezoning of property they owned from single-family residence zoning to a commercial zoning which would allow the developers to construct a shopping center. Homeowners adjacent to the developers' property filed a protest petition with the City, and a joint public hearing was held before the Charlotte-Mecklenburg Planning Commission and the City Council.

Part of the developers' proposal included a "buffer zone" consisting of a lake and walkways to be placed between the shopping center and the homeowners' property. The homeowners rejected the idea of a shopping center completely and were not appeased by the proposed buffer zone.

After the public hearing, the Planning Commission requested that the developers alter their plan to increase the size of the buffer zone. The developers complied with this request, and at a later, regularly scheduled meeting held without public notice, the City Council approved the modified petition. *Id.* The homeowners subsequently brought suit claiming, *inter alia*, that there had been insufficient notice of the City Council's meeting. In addressing that issue, our Supreme Court stated:

> [T]he general rule as applied to Chapter 160, Article 14, is that there must be compliance with the statutory requirements of notice and public hearing in order to adopt or amend zoning ordinances. Ordinarily, if the ordinance or amendment as finally adopted contains alterations substantially different (amounting to a new proposal) from those originally advertised and heard, there must be additional notice and opportunity for additional hearing. However, no further notice or hearing is required after a properly advertised and properly conducted public hearing when the alteration of the initial proposal is insubstantial. Alteration of the initial proposal will not be deemed substantial when it results in changes favorable to the complaining parties. Moreover, additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing.

*Heaton*, 277 N.C. at 518, 178 S.E. 2d at 359-360.

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 91 (1989)]

It is our opinion that the changes in the overall zoning of the ETJ made by the Garner Board of Aldermen upon the recommendation of the Town Planning Board were not substantial. The vast majority of the over 4,000 acres affected by the territorial extension were zoned R-40. For this Court to conclude that a town must zone only one zoning classification in an area the size involved here, and not have the ability to make exceptions from the general zoning classification proposed, would totally ignore the exigencies of municipal zoning.

This result is not at all harsh to the plaintiffs. At the conclusion of the public hearing on 7 September 1982, Garner Mayor Doughtry stated that the matter of zoning the ETJ would be referred to the Planning Board for a recommendation. Every landowner affected by the ETJ was informed by letter that the Planning Board would make a recommendation to the Board of Aldermen based upon the public hearing. It was clear from the letter, and the hearing, that the decision as to the zoning of the ETJ was not final at the close of the hearing. Plaintiffs should have been on notice that the ultimate decision was to be made at a later time.

Also, the fact that plaintiffs were given a full public hearing on their petition to "down-zone" Raynor's property in March of 1987 further shows that plaintiffs have not been denied the opportunity to remedy their own lack of diligence.

We conclude that the nine-month statute of limitations under N.C.G.S. § 160A-364.1 bars plaintiffs' action and thus summary judgment for the defendants was proper.

Affirmed.

Judges GREENE and LEWIS concur.