## TOWN OF SWANSBORO v. ODUM

[96 N.C. App. 115 (1989)]

TOWN OF SWANSBORO v. GUYON ODUM AND WIFE, SHIRLEY ODUM

No. 894SC89

(Filed 17 October 1989)

**Municipal Corporations § 30.2 (NCI3d) — extraterritorial zoning ordinance — failure of town to follow statutory requirements**

The trial court correctly ruled that plaintiff's extraterritorial zoning ordinance was void and ineffective as against defendants when plaintiff failed to comply with statutory requirements in that its notice of a public hearing failed to apprise defendants or any other property owners within the affected area of the nature and character of the proposed actions, failed to describe in any way the area in question, and failed to comport with the clear requirements of N.C.G.S. § 160A-364 in that it was not published in two successive calendar weeks; plaintiff's ordinance was adopted in a proceeding held over eight months subsequent to its initial hearing and without either further public hearing or notice; and plaintiff never recorded a boundary description as required by N.C.G.S. § 160A-360(b).

**Am Jur 2d, Zoning and Planning §§ 49-59.**

APPEAL by plaintiff from *Reid, David E., Jr., Judge.* Judgment entered 6 September 1988 in ONSLOW County Superior Court. Heard in the Court of Appeals 12 September 1989.

Plaintiff filed suit on 5 December 1986 alleging *inter alia* that defendants' real property was located within the zoning jurisdiction of plaintiff pursuant to an ordinance adopted on 20 September 1985, and that subsequent to its enactment, defendants placed a mobile home on their property in violation thereof. The relief sought was an order to require defendants to remove their mobile home. Defendants answered, admitting ownership of both the realty and mobile home, but by their second defense challenged the validity of plaintiff's zoning ordinance.

In the nonjury proceeding in the superior court, the evidence adduced tended to establish that defendants' property was located outside the corporate limits of the Town of Swansboro. At the time defendants first acquired this property, 21 November 1982, plaintiff had adopted a comprehensive zoning ordinance which cov-

ered only property situated within town limits. In January 1983, plaintiff attempted for the first time to exercise zoning jurisdiction for areas outside its corporate limits, and published the following notice in the Jacksonville Daily Newspaper on 15 January 1983:

PUBLIC HEARING NOTICE

The Swansboro Town Board of Commissioners will hold a public hearing on January 27, 1982 [sic] at 7 o'clock p.m. at the Swansboro Town Hall. The purpose of the public hearing shall be to answer questions and receive input as to extra-territorial jurisdiction as authorized by G.S. 160A-360.

Patti Sue Chandler
Town Clerk

Jan. 15, 25, 1983.

This notice was published again on 25 January 1983. No action, however, was taken on this matter at the 27 January public hearing. Minutes of meetings for 7 and 21 April 1983 reflected plaintiff's decision to submit the issue of asserting zoning jurisdiction beyond town limits to a public referendum. No such referendum was ever held.

On 8 September 1983, without holding any further public hearings and without publishing any additional notices regarding the extension of zoning beyond town limits, plaintiff adopted its extra-territorial zoning ordinance prohibiting mobile homes in residential areas within a one-mile zone outside the town limits. This ordinance was incorporated into a resolution adopted by plaintiff on 20 September 1985, under which the present suit was brought. Neither the ordinance nor any map or written description delineating the boundaries of extraterritorial jurisdiction and the property covered thereby was ever recorded by the Onslow County Register of Deeds.

The court determined that plaintiff failed to follow the statutory requirements of N.C. Gen. Stat. §§ 160A-360, 364 pertaining to zoning beyond town limits, and thus ruled plaintiff's ordinance void and ineffective as against defendants. From the judgment denying the relief sought, plaintiff appeals.

*Joseph E. Stroud, Jr. for plaintiff-appellant.*

*Richard L. Stanley for defendants-appellees.*

**TOWN OF SWANSBORO v. ODUM**

[96 N.C. App. 115 (1989)]

WELLS, Judge.

We note at the outset that plaintiff's first argument is directed in its entirety to matters that were not properly preserved and brought forward under N.C. R. App. P., Rule 10(a). Therefore, we do not consider it. We further note that plaintiff failed to discuss its fifth assignment of error in the brief. We thus deem it abandoned. N.C. R. App. P., Rule 28(a). Plaintiff consolidates its remaining assignments of error into a single argument challenging the court's determination that the zoning ordinance in issue was void in that plaintiff failed to comply with statutory requirements.

A city has no power to zone except as conferred by statute. *Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E.2d 352 (1971). N.C. Gen. Stat. § 160A-360(a) (1987) permits a city to exercise zoning jurisdiction "within a *defined* area extending not more than one mile beyond its limits." (Emphasis added.) Before exercising such jurisdiction, however, the City must hold a public hearing, notice of which must be published in a newspaper of general circulation "once a week for two *successive* calendar weeks[.]" N.C. Gen. Stat. § 160A-364. (Emphasis added.) Such notice "must fairly and sufficiently apprise those whose rights may be affected of the nature and character of the action proposed." *Sellers v. City of Asheville*, 33 N.C. App. 544, 236 S.E.2d 283 (1977). Moreover, a detailed delineation of the boundaries specified in an ordinance adopted under the statute, set forth in the form of a map, written description, or combination thereof, "shall be recorded in the office of the register of deeds of each county in which any portion of the [affected] area lies." N.C. Gen. Stat. § 160A-360(b).

Plaintiff did not satisfy these requirements. Its notice of the 27 January 1983 public hearing failed to apprise defendants—or any other property owners within the affected area—of the nature and character of the proposed actions, failed to describe in any way the area in question, and failed to comport with the clear requirements of G.S. § 160A-364 in that it was not published in two successive calendar weeks. Furthermore, plaintiff's ordinance was adopted in a proceeding held over eight months subsequent to its initial hearing, and without either further public hearing or notice. Finally, plaintiff never recorded a boundary description as required by G.S. § 160A-360(b). We thus conclude that the court below correctly ruled plaintiff's ordinance void and ineffective as against defendants. The judgment is therefore

Affirmed.

Judges PHILLIPS and PARKER concur.