STATE OF NORTH CAROLINA, Plaintiff v. ROY ELLIS BAGGETT, Defendant

STATE OF NORTH CAROLINA, Plaintiff v. ED PENUEL, Defendant

No. COA98-636

(Filed 20 April 1999)

**1. Appeal and Error— assignments of error—legal basis for error required**

The State's appeal was subject to dismissal where the assignment of error failed to set forth the legal basis on which the State contended the trial court erred; however, the State included in the notice of appeal the legal basis on which it challenged the ruling and, since the appellees were informed of the issues to be raised and were thereby allowed to protect their interests, the appeal was reviewed under Appellate Rule 2.

**2. Zoning— adult business—extraterritorial jurisdiction**

The trial court correctly dismissed criminal charges of operating an adult business within 1,000 feet of a residence in violation of a county ordinance where the business was outside the city limits but within the City's extraterritorial jurisdiction and it was not clear whether the county ordinance applied outside Jacksonville's city limits or outside Jacksonville's extraterritorial jurisdiction. Where the language of an ordinance is ambiguous, it must be strictly construed.

Judge Lewis dissenting.

Appeal by plaintiff from order filed 27 February 1998 by Judge Russell J. Lanier, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 23 February 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Jill Ledford Cheek, for the State.*

*Lanier & Fountain, by Keith E. Fountain, for defendant-appellees.*

GREENE, Judge.

The State appeals from the superior court's order affirming the district court's dismissal of criminal charges against Roy Ellis Baggett and Ed Penuel (collectively, Defendants).

Defendants own and operate Tobie's Lounge, a topless bar located less than one mile outside the city limits of Jacksonville, North Carolina, in Onslow County. On 26 August 1997, Defendants were each charged with "knowingly and intentionally operat[ing] an adult business known as Tobie's Lounge within 1,000 feet of a building used as a residence" in violation of Onslow County Ordinance § 8-205. Defendants each filed a motion to dismiss the charges on 30 September 1997. The district court allowed Defendants' motions to dismiss on 19 November 1997, and the State gave notice of appeal to the superior court. On 27 February 1998, the superior court affirmed dismissal of the charges against Defendants. The State appeals from the superior court's order.

[1] Before addressing the merits of the State's appeal, we note that our scope of review on appeal is confined to properly presented assignments of error. *Rogers v. Colpitts*, 129 N.C. App. 421, 499 S.E.2d 789 (1998). Rule 10 of the Rules of Appellate Procedure requires that "[e]ach assignment of error shall . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). One purpose of this rule is to "identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position." *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988).

In this case, the State's only assignment of error is: "The trial court acted incorrectly as a matter of law in affirming the District Court's ruling dismissing the above referenced charges." The State failed to set forth in its assignment of error the legal basis on which it contends the trial court erred, and has thereby subjected this appeal to dismissal. *See Rogers*, 129 N.C. App. at 423, 499 S.E.2d at 790 (dismissing appeal for failure to state the legal basis on which error was assigned). The State did include, in its Notice of Appeal to this Court, the legal basis on which it challenged the trial court's ruling, noting its contention that the trial court erred "because the Ordinance in question is a police power ordinance . . . . The city of Jacksonville has no jurisdiction to enact police power ordinances in [its extraterritorial jurisdiction]. Therefore, Tobie's Lounge is not located within the [county] 'exclusive of the jurisdiction of any incorporated municipality.'" Although including this information in the notice of appeal does not cure the State's inadequate assignment of error, it did inform the appellees of the issues to be raised and thereby allowed the appellees to protect their interests by assessing

the sufficiency of the proposed record on appeal. Accordingly, in our discretion, we review the merits of the State's appeal. N.C.R. App. P. 2 (providing that this Court may "suspend or vary the requirements or provisions of any of these rules" in order to "prevent manifest injustice" or "expedite decision in the public interest").

[2] For purposes of this appeal, we assume that Tobie's Lounge violates the Onslow County adult business ordinance. Accordingly, the only issue is whether the Onslow County adult business ordinance applies to businesses, such as Tobie's Lounge, located within the area one mile outside Jacksonville's city limits.

Article 6 ("Delegation of Police Powers") of Chapter 153A ("Counties") provides: "A county may by ordinance define, regulate, prohibit, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county; and may define and abate nuisances." N.C.G.S. § 153A-121(a) (1991). The county's authority under Article 6 extends "to any part of the county not within a city." N.C.G.S. § 153A-122 (1991). It follows that Onslow County has statutory authority to enact an ordinance regulating all businesses located outside the city limits of Jacksonville.[1] The remaining question is whether Onslow County did so. *See Town of Lake Waccamaw v. Savage*, 86 N.C. App. 211, 356 S.E.2d 810 (holding that town was authorized to exercise extraterritorial jurisdiction but had not done so), *disc. review denied*, 320 N.C. 797, 361 S.E.2d 89 (1987).

The Onslow County adult business ordinance, enacted in 1992, provides:

### Sec. 8-201. Authority and jurisdiction.

The provisions of this article are adopted by the county board of commissioners under authority granted by the General Assembly of the State of North Carolina, in Chapter 153A, (45-50)

---

1. Previous cases of this Court have established that Onslow County enacted its adult business ordinance pursuant to its Chapter 153A, Article 6 police power jurisdiction. *See Maynor v. Onslow County*, 127 N.C. App. 102, 106, 488 S.E.2d 289, 292, *appeal dismissed*, 347 N.C. 268, 493 S.E.2d 458, *and cert. denied*, 347 N.C. 400, 496 S.E.2d 385 (1997); *Onslow County v. Moore*, 129 N.C. App. 376, 382, 499 S.E.2d 780, 785, *disc. review denied*, 349 N.C. 361, — S.E.2d —, — (1998). In addition to this statutory authority to impose its ordinances outside the Jacksonville city limits, the Jacksonville city council specifically adopted a resolution granting Onslow County the authority to "enforc[e] its adult business ordinance" against businesses located within Jacksonville's extraterritorial jurisdiction, the area one mile outside Jacksonville's city limits. Jacksonville, N.C., *Res.* 96-03, Regular Sess. (1996).

and further Article VI of Chapter 153A, Section 135 of the General Statutes. From and after the effective date hereof, this article shall apply to every building, lot, tract or parcel of land *within the county exclusive of the jurisdiction of any incorporated municipality* (as herein stated) . . . .

Onslow County, N.C., *Code* art. VII, § 8-201 (1992) (emphasis added).

In construing ordinances, we adhere to fundamental principles of statutory construction. *Hayes v. Fowler*, 123 N.C. App. 400, 404, 473 S.E.2d 442, 445 (1996). Where the language employed is clear and unambiguous, there is "no room for judicial construction." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984). Where the language employed is ambiguous, however, we must strictly construe language creating a criminal offense. *State v. Clemmons*, 111 N.C. App. 569, 572, 433 S.E.2d 748, 750, *cert. denied*, 335 N.C. 240, 439 S.E.2d 153 (1993); *see also Davidson County v. City of High Point*, 321 N.C. 252, 257, 362 S.E.2d 553, 557 (1987) ("Statutorily granted powers are to be strictly construed.").

In this case, the Onslow County adult business ordinance explicitly applies only to businesses located within Onslow County "exclusive of the *jurisdiction*" of Jacksonville. This phrase is ambiguous because Jacksonville has "extraterritorial jurisdiction" over areas within one mile of its city limits. *See* N.C.G.S. § 160A-360(a) (Supp. 1998) (providing that an incorporated municipality may extend its jurisdiction outside its borders by one to three miles); N.C.G.S. § 160A-193 (1994) (giving municipalities "authority to summarily remove, abate, or remedy everything in the city limits, or within one mile thereof, that is dangerous or prejudicial to the public health or public safety"). It is therefore unclear whether the Onslow County adult business ordinance applies to businesses outside Jacksonville's city limits, or whether it applies only to those businesses outside Jacksonville's extraterritorial jurisdiction. Accordingly, strictly construing Onslow County's adult business ordinance as written, it does not apply to businesses located within Jacksonville's extraterritorial jurisdiction. Because Tobie's Lounge is located within Jacksonville's extraterritorial jurisdiction, it follows that the trial court correctly dismissed the charges against Defendants.

Affirmed.

Judge HORTON concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

The parties have stipulated that Tobie's Lounge is a business of the type regulated by Section 8-205 of the Onslow County Code. The ordinance says it is adopted "under authority granted by . . . Chapter 153A," and that it applies to any "land within the county exclusive of the jurisdiction of any incorporated municipality (*as herein stated*)." Onslow County Code § 8-201 (1992) (emphasis added). The parenthetical indicates that "jurisdiction" refers to jurisdiction under police powers, the "herein stated" Chapter 153A at issue. There is no mention anywhere in the ordinance of any planning or zoning statutes; rather, the ordinance cites only police power statutes. Furthermore, although the City's resolution titled, "A RESOLUTION ALLOWING ONSLOW COUNTY TO ENFORCE ITS ADULT BUSINESS ORDINANCE WITHIN THE CITY'S ONE-MILE EXTRATERRITORIAL JURISDICTION," is not dispositive of the issue, it provides further notice to defendants that the County ordinance applies to their establishment. Finally, section 8-202 clarifies that the ordinance is intended to regulate adult businesses "located in the county." Onslow County Code § 8-202 (1992).

Accordingly, I disagree with the majority's reasoning that the ordinance is vague in its use of the term "jurisdiction" and that defendants might lack notice of the applicability of this ordinance to their business. Courts presume that defendants know the law, *see State v. Rose*, 312 N.C. 441, 446, 323 S.E.2d 339, 342 (1984), and this specific ordinance was adopted pursuant to County police powers according to our prior case law. *See Onslow County v. Moore*, 129 N.C. App. 376, 382, 499 S.E.2d 780, 785, *disc. review denied*, 349 N.C. 361, —— S.E.2d —— (1998); *Maynor v. Onslow County*, 127 N.C. App. 102, 106, 488 S.E.2d 289, 292, *cert. denied*, 347 N.C. 400, 496 S.E.2d 385 (1997). When the ordinance refers to jurisdiction "as herein stated," and no mention ever is made to planning or zoning statutes, or any statutes other than police power statutes, "jurisdiction" can mean only jurisdiction under the County's police powers. "Jurisdiction" in the ordinance is not a vague term.

The majority insinuates that these defendants might reasonably have believed they were operating their topless bar outside the reach of Onslow County police powers to regulate them *and* outside the City's power to regulate since they were within the City's jurisdiction only for zoning and planning purposes. I cannot believe that these business owners operated under the assumption that they had found a strip club utopia where no municipal force regulated for the health,

safety, and welfare of the people. This Court had provided defendants notice that *this* County ordinance regulated topless bars such as theirs, and that it was enacted pursuant to the County's police powers. There is no ambiguity in the term "jurisdiction" in the County ordinance, and I vote to reverse and remand for trial.

I respectfully dissent.