In re Foreclosure of Allan & Warmbold Constr. Co.

IN RE: FORECLOSURE OF DEED OF TRUST FROM ALLAN & WARMBOLD CON-
STRUCTION CO., INC., ORIGINAL MORTGAGOR, TO KEMP M. CAUSEY, TRUSTEE, DATED
OCTOBER 27, 1980 AND RECORDED IN BOOK 4363, PAGE 001, MECKLENBURG COUN-
TY PUBLIC REGISTRY; REFERENCE BEING MADE TO SUBSTITUTION OF TRUSTEE
RECORDED IN BOOK 4839, PAGE 0284, MECKLENBURG COUNTY PUBLIC REGISTRY,
AND TO SUBSTITUTION OF TRUSTEE RECORDED IN BOOK 4933, PAGE 0743, OF THE
MECKLENBURG COUNTY PUBLIC REGISTRY, AND TO SUBSTITUTION OF TRUSTEE
RECORDED IN BOOK 5105, PAGE 0083, MECKLENBURG COUNTY PUBLIC REGISTRY

No. 8726SC428

(Filed 16 February 1988)

1. **Mortgages and Deeds of Trust § 40.1— order withdrawing upset bid and di-
recting resale—authority of court on appeal to consider validity**

The court on appeal was not barred from considering the validity of an or-
der withdrawing an upset bid and directing a resale of foreclosed property be-
cause appellants did not appeal from it within the time required by Rule 3,
N.C. Rules of Appellate Procedure, since N.C.G.S. § 1-278 permitted the court
on appeal, incident to an appeal from a final judgment or order, to review in-
termediate orders "involving the merits and necessarily affecting the judg-
ment," and the order striking the upset bid and requiring a resale was such an
order; furthermore, the order withdrawing the bid could not have been ap-
pealed immediately, as it merely interrupted and delayed the foreclosure pro-
ceeding and had no ascertainable effect upon the appellants' rights, since the
ordered resale could end with a bid of the same amount or even higher.

2. **Mortgages and Deeds of Trust § 30— order allowing withdrawal of upset bid—
error**

The trial court erred in allowing appellee to withdraw his upset bid and
requiring a resale of foreclosed property where the record showed that ap-
pellee entered his upset bid on the mistaken belief that he was bidding on
three parcels of land rather than two; appellee was not entitled to equitable
relief since his own testimony established that he negligently failed to inform
himself as to the number of parcels involved when the simplest inquiry would
have apprised him of that fact; to allow withdrawal of the bid would have the
inequitable effect of shifting the consequences of appellee's careless mistake to
the innocent mortgage debtors, for, except for his bid, the two parcels of land
would have been sold to the first bidder for $108,000 more than was obtained
by the ordered resale, and this loss must be borne by someone; and the resale
must stand and the matter must be remanded for a determination as to the
amount appellee is indebted to the trustee.

APPEAL by Allan & Warmbold Construction Co., Inc. and
Carmel Chace II from *Gray, Judge*. Orders entered 21 July 1986
and 5 December 1986 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 28 October 1987.

*Parker Whedon and Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb and McDonnell, by James D. Monteith, for appellants Allan & Warmbold Construction Co., Inc. and Carmel Chace II.*

*Wray, Layton, Cannon, Parker & Jernigan, by David R. Cannon, for appellee Substitute Trustee David A. Layton.*

*Miller, Johnston, Taylor & Allison, by Steven D. McClintock and Steele B. Windle, III, for appellee Robert R. Rhyne, Jr.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Fred T. Lowrance and Sally Nan Barber, for appellee North Carolina Federal Savings and Loan Association.*

PHILLIPS, Judge.

This proceeding to foreclose on three parcels of Mecklenburg County real estate is based upon the failure of the appellant mortgage debtors, Allan & Warmbold Construction Co., Inc. and Carmel Chace II, to make the payments required by a note and deed of trust held by North Carolina Federal Savings and Loan Association, and the correctness of the proceeding through the first resale following an upset bid to the first public sale is not questioned. The appellants question only the validity of an order that permitted the upset bidder to withdraw his bid, then the last and highest, and directed that the property be resold, and the refusal of the trustee to start the resale with the bid that stood before the upset bid was filed. The appellee upset bidder, Robert R. Rhyne, Jr., questions the validity of the appeal because the appellants did not appeal from the resale order, but from the final order confirming the second resale four months later. The facts that determine these questions follow:

The land that was being foreclosed was described in the deed of trust and the trustee's notices of sale as (a) an 8.51 acre tract, (b) a 2.61 acre tract on which twelve specifically numbered condominium units are situated, and (c) a 1.4 acre tract. The trustee's notice stated, as G.S. 45-21.8(b) permits and the deed of trust expressly authorized, that the parcels of land would be sold separately and as a whole for the highest amount realizable. At the public sale on 27 January 1986, the trustee read the notice in its entirety and offered the 8.5 and 1.4 acre parcels for sale separately, but no bid was made on either parcel; he then offered those

two parcels for sale as a whole and North Carolina Federal Savings and Loan Association bid $388,534.99, enough to satisfy the secured debt, and no attempt was made to sell the condominium parcel either in whole or part. The report of sale stating that a portion of the land described in the deed of trust had been sold for $388,534.99 was filed by the trustee, who attached to the report an accurate description of the parcels sold. In filing the report the Clerk of Court wrote on it the last date an upset bid could be made and the amount such a bidder would have to deposit. Within the time allowed Robert R. Rhyne, Jr., a Charlotte commercial real estate broker with twenty-five years experience, filed an upset bid in the amount of $408,034.99, and the Clerk ordered that the property be resold. At the resale no additional bid was received, and upon the trustee asking Rhyne to complete the purchase he refused and filed a motion to withdraw his bid upon the ground that it was made in the mistaken belief that the property being sold included the condominiums. The motion was denied by the Clerk, but upon appeal the Superior Court granted it on condition that Rhyne pay the resale expenses and interim interest. In reselling the two tracts of land the trustee refused to start with North Carolina Federal's initial bid of $388,534.99, as the appellants demanded, the only bid made was by North Carolina Federal in the amount of $280,500 and the sale at that price was confirmed, first by the Clerk and then by the Superior Court judge. Appellants' appeal is from the latter order, though they excepted to the earlier order permitting the upset bid to be withdrawn.

In making the upset bid Rhyne was acting for some undisclosed parties interested in obtaining the condominiums and he thought that the property sold included the condominiums. He had not attended the sale, though he received copies of the notices of sale, and before making the bid he neither examined the report of sale nor inquired of North Carolina Federal Savings and Loan, Allan & Warmbold, Carmel Chace II, the Clerk of Court, the trustee, or anyone else officially connected with the sale as to the identity of the land that he bid upon. Immediately before making the bid Rhyne met attorney John Ray in the Clerk's office, handed him the file and asked him if "that description covered all the property," and Ray told him it did. Ray did not represent Rhyne or anyone directly involved in the foreclosure

and had not attended the sale or seen the report of sale either. In granting Rhyne's motion, after finding facts somewhat as stated above, the court concluded that Rhyne was not negligent and justice required that the bid be withdrawn.

[1]  First, we dispose of the appealability issue. Contrary to Rhyne's contention we are not barred from considering the validity of the order withdrawing his upset bid and directing a resale of the foreclosed property because the appellants did not appeal from it within the time required by Rule 3, N.C. Rules of Appellate Procedure. G.S. 1-278 permits us, incident to an appeal from a final judgment or order, to review intermediate orders "involving the merits and necessarily affecting the judgment," and the order striking the upset bid and requiring a resale is such an order. Furthermore, as G.S. 1-277 makes plain, the order withdrawing the bid could not have been appealed immediately, as it merely interrupted and delayed the foreclosure proceeding and had no ascertainable effect upon the appellants' rights since the ordered resale could end with a bid of the same amount or even higher. Thus, an appeal at that time would have been a premature, speculative and futile waste. *Oestreicher v. American National Stores, Inc.*, 290 N.C. 118, 225 S.E. 2d 797 (1976). Appellees' argument that the appellants' situation here is similar to that of the defendant in *Gualtieri v. Burleson*, 84 N.C. App. 650, 353 S.E. 2d 652, *disc. rev. denied*, 320 N.C. 168, 358 S.E. 2d 50 (1987) is mistaken. The order that affected *Burleson*, as plainly stated in that opinion, concerned the court's jurisdiction over his person and was immediately appealable at his option under the provisions of G.S. 1-277(b); but no statute authorizes an immediate appeal from an interlocutory order, the effect of which cannot be known until a future event of uncertain result occurs.

[2]  We now consider the validity of the order permitting Rhyne to withdraw his upset bid and requiring a resale of the foreclosed property. In our opinion the order is erroneous. Conceding, as the court found, that Rhyne made his bid in the mistaken belief he was bidding on all three parcels of land covered by the deed of trust, there is, nevertheless, no equitable basis for allowing him to withdraw it. For when the bid was accepted by the trustee as the last and highest—(and it was accepted, his argument in the brief that it was ambiguous being untenable, since his only contention in the trial court was that he was mistaken and the issue

was tried on that basis)—a contract was made, G.S. 45-21.30(d); *Econo-Travel Motor Hotel Corp. v. Foreman's Inc. and Econo-Travel Motor Hotel Corp. v. Foreman*, 44 N.C. App. 126, 260 S.E. 2d 661 (1979), *disc. rev. denied*, 299 N.C. 544, 265 S.E. 2d 404 (1980), the mistake was entirely his own, and "the mere mistake of one party alone is not sufficient to avoid the contract." *Cheek v. Southern Railway Co.*, 214 N.C. 152, 156, 198 S.E. 626, 628 (1938). Though, in order to prevent manifest injustice, equity can relieve a contracting party of his mistakenly assumed obligation, *Pittsburgh Plate Glass Co. v. Forbes*, 258 N.C. 426, 128 S.E. 2d 875 (1963), equity does not aid parties who mistakenly enter into contracts after negligently failing to ascertain what the truth is, *Capehart v. Mhoon*, 58 N.C. 178, 180 (1859); and contrary to the trial court's conclusion, Rhyne's own testimony establishes that he negligently failed to inform himself as to the land that he was bidding on. Though he had received copies of the sale notices stating that the three parcels of land would be sold either separately or in combination according to the best price received, and did not know from attending the sale or otherwise what tracts had been sold, and though he could have made certain about the matter by simply examining the sale report or asking either the trustee, the Clerk of Court, or the mortgage holder, *his own testimony, when sifted down, shows that his actions and inquiries concerning the identity of the land being sold before he made his upset bid consisted only of the following*: He had Ray call the Clerk's office and find out if the bid had been raised and the deposit required for an upset bid; upon Ray telephoning that information to him he drew a check for the deposit and went to the Clerk's office and got the file; he did not go through the file to determine what land was being sold (the court's finding that he did has no evidentiary basis), as he had received the notice, thought he "knew what was being sold," and did not think "it necessary" to ask the Clerk to help him figure what property had been sold; in double checking what property was being sold he reviewed the notice of sale and handed the description to Ray and asked him if that covered all three tracts and Ray said that it did. This was only the merest semblance of an inquiry, one not designed to obtain the information that the circumstances and ordinary prudence required before entering into a contract of such magnitude. Since he failed to ascertain, as he could have readily and conveniently done, what property he was bidding upon, and

was not deceived or misled by anyone directly connected with the proceeding, as he admitted, he is not entitled to equitable relief and must be deemed to have bought at his own risk. *See, Smathers v. Gilmer,* 126 N.C. 757, 36 S.E. 153 (1900). Another reason for denying Rhyne equitable relief is that it would have the inequitable effect of shifting the consequences of his careless mistake to the innocent mortgage debtors; for except for his bid the two parcels of land would have been sold to the first bidder for $108,034.99 more than was obtained by the ordered resale, and this loss must be borne by someone. Certainly, it cannot be avoided by enforcing the bid that Rhyne upset, as the appellants alternatively contend, because it is inherent in selling land to the last and highest bidder that the acceptance of a higher bid, which creates a conditional contract, releases the lower bid previously accepted. *See, Richmond County v. Simmons,* 209 N.C. 250, 183 S.E. 282 (1936).

Though the court erred in not holding Rhyne to his contract and in ordering that the two tracts be resold, the law of damages and the exigencies of the situation require that the resale that was achieved not be disturbed. Thus, we affirm the order confirming the resale of the two tracts involved to North Carolina Federal Savings and Loan for $280,500, reverse the order withdrawing Rhyne's upset bid in the amount of $408,034.99, and remand the matter to the Superior Court for the entry of a judgment establishing the amount Rhyne is indebted to the trustee. In computing the sum due, heed should be taken of subparagraphs (d) and (e) of G.S. 45-21.30 and the fact that his default occurred on 15 April 1986 when he refused to complete the purchase; and credit should be given to him for any sums that he paid under the erroneous order.

Affirmed in part; reversed in part; and remanded with instructions.

Judges BECTON and GREENE concur.