ONSLOW COUNTY, Appellee-Plaintiff v. GENE MOORE, Appellant-Defendant

KIMBERLY MCKILLOP, Appellant-Plaintiff v. ONSLOW COUNTY,
Appellee-Defendant

PATRICIA TREANTS, Appellant-Plaintiff v. ONSLOW COUNTY, Appellee-Defendant

No. COA97-32
No. COA97-33
No. COA97-35

(Filed 5 May 1998)

**1. Appeal and Error § 209 (NCI4th)— notice of appeal from judgment—intermediate orders not presented**

Where plaintiffs only gave notice of appeal from the trial court's judgment dismissing their complaints and enjoining them from violating an ordinance regulating adult and sexually oriented businesses, the notice of appeal did not give the appellate court jurisdiction to review the trial court's denials of their motions to dismiss defendant county's counterclaims and to amend their replies to defendant's counterclaims. N.C. R. App. P. 3(d).

**2. Municipal Corporations § 332 (NCI4th); Counties § 86 (NCI4th)— ordinance regulating adult business locations—absence of comprehensive zoning ordinance—police power**

The failure of a county to adopt a county-wide comprehensive zoning plan did not preclude the county from regulating the location of adult and sexually oriented businesses pursuant to its police powers. N.C.G.S. § 153A-121.

**3. Municipal Corporations § 332 (NCI4th); Counties § 86 (NCI4th)— ordinance regulating adult business locations—no preemption by indecent exposure statute**

A county ordinance regulating the location of adult and sexually oriented businesses was not preempted by the indecent exposure statute, N.C.G.S. § 14-190.9, to the extent that the ordinance attempts to regulate "specified anatomical areas" since the purpose of the indecent exposure statute is to regulate conduct, and the purpose of the ordinance is not to regulate the exposure of such areas but to regulate the location of adult businesses in the county.

ONSLOW COUNTY v. MOORE

[129 N.C. App. 376 (1998)]

4. **Constitutional Law § 117 (NCI4th); Municipal Corporations § 332 (NCI4th)— ordinance regulating adult business locations—not First Amendment violation—not vague or overbroad**

   A county ordinance prohibiting the operation of adult and sexually oriented businesses within 1000 feet of a residence, house of worship, or public school or playground does not violate the First Amendment of the United States Constitution. Nor is the ordinance unconstitutionally vague or overbroad as applied to plaintiffs' businesses.

5. **Municipal Corporations § 332 (NCI4th); Counties § 86 (NCI4th)— ordinance regulating adult business locations—nearness to another adult business—preemption by statute**

   The portion of a county ordinance that prohibits the operation of adult and sexually oriented businesses within 1000 feet of another adult or sexually oriented business was preempted by the statute prohibiting the location of more than one sexually oriented business in the same building, N.C.G.S. § 14-202.11.

6. **Appeal and Error § 178 (NCI4th)— preliminary injunction—appeal—interlocutory order—jurisdiction for contempt proceeding**

   The trial court was not divested of jurisdiction to hold defendant in contempt for violating a preliminary injunction because an appeal of the order issuing the injunction was pending where the order was not immediately appealable since it was interlocutory and no substantial right of defendant was affected by the denial of immediate appellate review.

7. **Injunctions § 51 (NCI4th)— preliminary injunction—conduct before entry—contempt improper**

   The trial court erred by holding defendant in contempt for violating a preliminary injunction based partially on conduct that occurred prior to the entry of the order issuing the preliminary injunction by filing it with the clerk of court. N.C.G.S. § 5A-21(a); N.C.G.S. § 1A-1, Rule 58.

Appeal by defendant in case No. 95 CvS 2836 from order entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. Appeal by plaintiff and defendant in case No. 94 CvS 1980 from judgment entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow

County Superior Court. Appeal by plaintiff and defendant in case No. 94 CVS 1981 from judgment entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. The appeals were consolidated and originally heard in the Court of Appeals 16 September 1997. This Court dismissed the appeals for violations of the Rules of Appellate Procedure on 21 October 1997. 127 N.C. App. 546, 491 S.E.2d 670 (1997). In an order dated 5 March 1998, the Supreme Court of North Carolina vacated the decision of the Court of Appeals and remanded the case to the Court of Appeals for consideration on the merits. Heard in the Court of Appeals on remand on 19 March 1998.

*Jeffrey S. Miller for appellants Moore, McKillop and Treants.*

*Shipman & Associates, L.L.P., by Gary K. Shipman, Carl W. Thurman, III, and C. Wes Hodges, II, for appellee Onslow County.*

SMITH, Judge.

Appellants Gene Moore, Kimberly McKillop and Patricia Treants each own businesses alleged to be in violation of an ordinance of appellee Onslow County (the County) entitled "Ordinance to Regulate Adult Businesses and Sexually Oriented Businesses in Onslow County, NC." (the ordinance). The ordinance, which contains specific definitions of an "adult business," a "sexually oriented business," "specified anatomical areas" and "specified sexual activities," provides that adult and sexually oriented businesses shall not be permitted in any building located within 1000 feet in any direction from a residence, house of worship, public school or playground, or other adult or sexually oriented business. All adult and sexually oriented businesses operating on 21 September 1992, the effective date of the ordinance, were required to comply with the terms of the ordinance within two years. The ordinance also provided that injunctive relief and the issuance of orders of abatement could be used to enforce compliance with the ordinance. A resolution adopted by the County Board of Commissioners stated that

after comprehensive study of potential deleterious secondary effects of certain types of sexually oriented adult businesses, the Board of Commissioners of Onslow County finds that it is appropriate and necessary to prevent those deleterious secondary effects which can reasonably be expected to result from the inappropriate location or concentration of such businesses . . . .

In addition, Article II of the Ordinance stated that "[f]or the purpose of promoting the health, safety, morals and general welfare of the citizenry of Onslow County, this Ordinance is adopted by the Board of Commissioners to regulate adult and sexually oriented businesses, as hereby defined, located in Onslow County."

After being notified of the necessity of compliance with the ordinance, McKillop and Treants filed complaints on 20 September 1994 seeking declarations that the ordinance violated the North Carolina General Statutes and the North Carolina Constitution. Both complaints requested that the trial court enter judgments declaring the ordinance invalid and unconstitutional and enjoining the County from enforcing the ordinance. In response to the complaints, the County filed answers and counterclaims. Alleging that McKillop and Treants operated businesses in violation of the ordinance, the County requested that the complaints be dismissed and that McKillop and Treants be enjoined from operating their businesses as nonconforming adult and sexually oriented businesses. In response to the County's answers and counterclaims, McKillop and Treants alleged the ordinance violated the United States Constitution. On 3 July 1996, the trial court entered judgments dismissing the complaints with prejudice and enjoining McKillop and Treants from operating their businesses in any building located within 1000 feet of a residence, house of worship, or public school or playground. However, the trial court specifically found and concluded that the ordinance was partially preempted by N.C. Gen. Stat. § 14-202.11 (1993), which prohibits any building from containing more than one adult establishment.

On 5 December 1995, the County filed an action against Moore, pursuant to the ordinance, seeking a mandatory and/or prohibitory preliminary and permanent injunction and order of abatement commanding Moore to comply with the provisions of the ordinance. On 18 January 1996, *nunc pro tunc* 15 December 1995, the trial court found that Moore operated a sexually oriented business in violation of the ordinance and entered a preliminary injunction commanding Moore to bring the business in compliance with the ordinance and prohibiting him from violating the ordinance. This order was filed with the Onslow County Clerk of Court on 26 March 1996. Moore gave notice of appeal from the entry of the preliminary injunction on 18 April 1996. On 3 July 1996, the trial court entered an order finding that Moore willfully failed to comply with the provisions of the injunction and holding him in contempt. On 3 December 1996, this

Court, in an unpublished opinion (COA96-828), dismissed Moore's appeal of the preliminary injunction as interlocutory.

McKillop and Treants appeal the judgments dismissing their complaints with prejudice and permanently enjoining them from operating their businesses in buildings located within 1000 feet of a residence, house of worship, or public school or playground. The County appeals from the portion of these judgments declaring the ordinance partially preempted by N.C. Gen. Stat. § 14-202.11. Moore appeals the 3 July 1996 order finding him in contempt of the preliminary injunction issued 18 January 1996, *nunc pro tunc* 15 December 1995.

## I. McKillop's and Treants' appeals

**[1]** In their first two assignments of error, McKillop and Treants contend the trial court erred by denying their motions to dismiss and by denying their motions to amend their replies to the County's counterclaims. However, McKillop and Treants only gave notice of appeal from the trial court's judgments entered 3 July 1996 dismissing their complaints and enjoining them from violating the ordinance. Our Rules of Appellate Procedure require that a party entitled to appeal from a judgment or order "may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule." N.C.R. App. P. 3(a). The notice of appeal "shall designate the judgment or order from which appeal is taken . . . ." N.C.R. App. P. 3(d). "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *disc. review denied and appeal dismissed*, 327 N.C. 633, 399 S.E.2d 326 (1990).

McKillop and Treants cite *In re Foreclosure of Allan & Warmbold Constr. Co.*, 88 N.C. App. 693, 696, 364 S.E.2d 723, 725, *disc. review denied*, 322 N.C. 480, 370 S.E.2d 222 (1988), for the proposition that an appeal from a final judgment or order includes intermediate orders " 'involving the merits and necessarily affecting the judgment[]' " (quoting N.C. Gen. Stat. § 1-278). In *Allan & Warmbold*, the trial court permitted an upset bidder in a public foreclosure sale to withdraw his bid and directed that the property in question be resold. *Id.* at 694, 364 S.E.2d at 724. The appellants did not appeal from the resale order but from the final order confirming the second resale four months later. *Id.* This Court determined that the validity of the order withdrawing the upset bid and directing a resale of the fore-

closed property could properly be considered in an appeal from the order confirming the second resale. *Id.* at 696, 364 S.E.2d at 725. Noting that the order withdrawing the upset bid was interlocutory, we stated that

> we are not barred from considering the validity of the order . . . because the appellants did not appeal from it within the *time* required by Rule 3, N.C. Rules of Appellate Procedure. G.S. 1-278 permits us, incident to an appeal from a final judgment or order, to review intermediate orders 'involving the merits and necessarily affecting the judgment,' and the order striking the upset bid and requiring a resale is such an order.

*Id.* (emphasis added). It is apparent that *Allan & Warmbold* discusses the appealability issue with respect to the **time** within which an appeal must be filed as set forth in N.C.R. App. P. 3(c), and not whether a notice of appeal must be filed. The record on appeal and briefs in *Allan & Warmbold* reflect that the precise issue before this Court was whether notice of appeal from the resale order had to be given within ten days (now 30 days) following signing and entry of the resale order. In fact, the appeal from the resale order was filed within 10 days of the entry of the final order of confirmation. We therefore believe *Allan & Warmbold* is inapposite to the instant case.

We do, however, find the case of *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 411 S.E.2d 645 (1992), instructive. In *Rite Color Chemical Co.*, we held that where defendant gave notice of appeal from the trial court's order on unconscionability and directed verdict, and from a subsequent judgment, the notice of appeal did not give this Court jurisdiction to review the trial court's orders denying defendant's motions to amend its pleadings. *Id.* at 17, 411 S.E.2d at 647. Because McKillop and Treants failed to file notices of appeal from the trial court's denials of their motions to dismiss and to amend their replies to the County's counterclaims, we need not address those issues.

McKillop and Treants next contend the trial court erred by issuing an injunction which orders them to obey an ordinance that violates Chapter 153 of the General Statutes, is preempted by state law, and violates their federal and state constitutional rights. However, for the reasons set forth below, we conclude the trial court properly enjoined McKillop and Treants from operating their businesses within 1000 feet of a residence, house of worship, or public school or playground.

## A. The ordinance is a valid exercise of the general police powers granted to the County by the North Carolina Legislature

[2] McKillop and Treants argue that the ordinance is a zoning ordinance, and as such is invalid since it was not adopted pursuant to a comprehensive zoning plan for the County. This Court recently addressed the same challenge by the manager of an adult business to the same Onslow County ordinance in *Maynor v. Onslow County*, 127 N.C. App. 102, 488 S.E.2d 289, *appeal dismissed*, 347 N.C. 268, 493 S.E.2d 458, *cert. denied*, 347 N.C. 400, 496 S.E.2d 385 (1997). In *Maynor*, we noted that N.C. Gen. Stat. § 153A-121(a) (1991) permits counties to enact ordinances to " 'define, regulate, prohibit, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county.' " *Maynor*, 127 N.C. App. at 105-06, 488 S.E.2d at 291-92. We also observed that "[c]ounties may enact ordinances regulating land use in two fashions: one, pursuant to a comprehensive zoning plan, N.C. Gen. Stat. § 153A-341 (1991) *and* two, pursuant to their police powers, N.C. Gen. Stat. § 153A-121 (1991)." *Maynor*, 127 N.C. App. at 105, 488 S.E.2d at 291 (emphasis added). We further stated that "[w]hen a county adopts an ordinance designed to promote the health, safety and welfare of the county's residents, N.C. Gen. Stat. § 153A-121 empowers the county to adopt such ordinance without complying with the procedural safeguards provided in N.C. Gen. Stat. § 153A-341." *Maynor*, 127 N.C. App. at 106, 488 S.E.2d at 292. After citing *Summey Outdoor Advertising, v. County of Henderson*, 96 N.C. App. 533, 386 S.E.2d 439 (1989), *disc. review denied*, 326 N.C. 486, 392 S.E.2d 101 (1990), which held that a County's failure to adopt a county-wide zoning ordinance did not preclude the county from regulating outdoor advertising signs under N.C. Gen. Stat. § 153A-121, we held that Onslow County's adoption of the ordinance regulating the location of adult and sexually oriented businesses was "well within the parameters of N.C. Gen. Stat. § 153A-121." *Maynor*, 127 N.C. App. at 106, 488 S.E.2d at 292. Thus, the failure of the County to adopt a county-wide comprehensive zoning plan did not preclude the County from regulating the location of adult and sexually oriented businesses pursuant to its police powers. As we are bound by the holding of *Maynor*, we conclude in the instant case that the adoption of the ordinance by the County was a valid exercise of the general police powers granted to the County by the General Assembly.

## B. The ordinance is not preempted by N.C. Gen. Stat. § 14-190.9

[3] McKillop and Treants next argue that if the ordinance was adopted pursuant to the County's police powers, to the extent the ordinance attempts to regulate the exposure of "specified anatomical areas," it is preempted by N.C. Gen. Stat. § 14-190.9 (1993), which proscribes indecent exposure.

N.C. Gen. Stat. § 14-190.9 provides, in pertinent part, that:

(a) Any person who shall willfully expose the private parts of his or her person in any public place and in the presence of any other person or persons, of the opposite sex, or aids or abets in any such act, or who procures another to perform such act; or any person, who as owner, manager, lessee, director, promoter or agent, or in any other capacity knowingly hires, leases or permits the land, building or premises of which he is owner, lessee or tenant, or over which he has control, to be used for purposes of any such act, shall be guilty of Class 2 misdemeanor.

It is evident that the purpose of N.C. Gen. Stat. § 14-190.9 is to regulate conduct, and not the location of adult and sexually oriented businesses. While the ordinance in the instant case provides a definition of "specified anatomical areas," the purpose of the ordinance is not to regulate the exposure of these areas, but to regulate the location of adult and sexually oriented businesses within the County. Because N.C. Gen. Stat. § 14-190.9 and the ordinance address different concerns, there is no preemption problem.

McKillop and Treants cite *State v. Tenore*, 280 N.C. 238, 185 S.E.2d 644 (1972), to support their argument that the ordinance is preempted by N.C. Gen. Stat. § 14-190.9. In *Tenore*, our Supreme Court struck down an ordinance adopted by Onslow County which attempted to prohibit the presentation of obscene or nude plays, dances, exhibitions or other performances, and also attempted to prohibit indecent public exposure. *Id.* at 241-43, 185 S.E.2d at 646-47. Stating that "the state-wide statute in effect at the time the ordinance in question was adopted dealt specifically with the identical conduct with which this defendant is charged in the warrant as a violation of the county ordinance[,]" the Court held that the ordinance was preempted by the state-wide statute. *Id.* at 248, 185 S.E.2d at 651. Because the ordinance in the instant case does not attempt to regu-

late conduct, the subject of N.C. Gen. Stat. § 14-190.9, but rather attempts to regulate location, we find *Tenore* inapplicable in the instant case, and conclude that the ordinance is not preempted by N.C. Gen. Stat. § 14-190.9.

## C. The ordinance does not violate the First Amendment to the United States Constitution

[4] McKillop and Treants also assign as error that the ordinance violates their rights under the federal and state constitutions. While in their briefs, McKillop and Treants claim the ordinance "runs afoul of the First Amendment to the United States Constitution[,]" they make no argument regarding the North Carolina Constitution. Thus, McKillop and Treants have waived any consideration of a violation under the North Carolina Constitution. *See* N.C.R. App. P. 28(b)(5) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.")

We believe *Young v. American Mini Theatres*, 427 U.S. 50, 49 L. Ed. 2d 310, *reh'g denied*, 429 U.S. 873, 50 L. Ed. 2d 155 (1976), is dispositive of the First Amendment issues presented in the instant case. *Young* involved a challenge to an ordinance of the City of Detroit which prohibited adult theaters from locating within 1000 feet of any two other regulated uses or within 500 feet of a residential area. *Id.* at 52, 49 L. Ed. 2d at 316. The term "regulated uses" applied to ten different kinds of establishments, including other adult theaters. *Id.* In a four-member plurality opinion, with the concurrence of a fifth justice in the result, the United States Supreme Court rejected an argument that the ordinance violated the First Amendment or equal protection principles, stating that:

> [W]e are also persuaded that the 1,000-foot restriction does not, in itself, create an impermissible restraint on protected communication. The city's interest in planning and regulating the use of property for commercial purposes is clearly adequate to support that kind of restriction applicable to all theaters within the city limits. In short, apart from the fact that the ordinances treat adult theaters differently from other theaters and the fact that the classification is predicated on the content of material shown in the respective theaters, the regulation of the place where such films may be exhibited does not offend the First Amendment.

*Id.* at 62-63, 49 L. Ed. 2d at 321-22.

Likewise, in the instant case, it is evident that the ordinance does not impose an "impermissible restraint" on the freedom of expression, but merely regulates the location of adult and sexually oriented businesses. The ordinance does not totally prohibit the existence of these businesses, but only prohibits them from locating in particular areas. We therefore conclude the ordinance does not run afoul of the First Amendment. *See also Hart Book Stores, Inc. v. Edmisten*, 612 F.2d 821 (4th Cir. 1979), *cert. denied*, 447 U.S. 929, 65 L. Ed. 2d 1124 (1980) (holding that N.C. Gen. Stat. § 14-202.11, which prohibits the operation of more than one adult establishment in any building, was merely a regulation of place and manner of expression and therefore did not violate the First Amendment).

While not specifically raised by McKillop or Treants, we note that under *Maynor*, the ordinance is not unconstitutionally overbroad or vague as applied to McKillop's and Treants' businesses. In determining that the ordinance was not overbroad, we stated in *Maynor*

it is clear from the County Commission's resolution that the Ordinance was not intended to restrict any communication or protected speech or to deny adults access to the distributors of sexually oriented entertainment. The Ordinance is an attempt to regulate the location and the access to these materials. 'The mere fact that the commercial exploitation of material protected by the First Amendment is subject to zoning and other licensing requirements is not a sufficient reason for invalidating [an] ordinance[].'

127 N.C. App. at 106, 488 S.E.2d at 292 (quoting *Young*, 427 U.S. at 62, 49 L. Ed. 2d at 321).

We further concluded in *Maynor* that the ordinance was not vague as applied to the plaintiff in that case because she acknowledged in her pleadings that the ordinance applied to her business. *Id.* at 107, 488 S.E.2d at 292-93. Likewise, in the instant case, both McKillop and Treants acknowledged in verified affidavits that if the ordinance was enforced, they would be compelled to cease operating their businesses. In addition, McKillop and Treants both stated in their complaints that if in fact they are forced to cease doing business in their current establishments, there is no location in Onslow County where they can conduct business without being in violation of the ordinance. Thus, as in *Maynor*, since McKillop and Treants acknowledged in their pleadings that the ordinance applies to their businesses, we reject their argument regarding the ordinance's alleged vagueness.

In sum, we conclude the trial court properly enjoined McKillop and Treants from operating their businesses within 1000 feet of a residence, house of worship, or public school or playground.

## II. The County's appeal

[5] The County contends the trial court erred by finding and concluding in the judgments involving McKillop and Treants that the ordinance is preempted by N.C. Gen. Stat. § 14-202.11. The County argues that N.C. Gen. Stat. § 14-202.11 does not regulate location in the same manner as does the ordinance, in that while N.C. Gen. Stat. § 14-202.11 prohibits the location of more than one adult business within the same building, the ordinance prohibits an adult or sexually oriented business from operating in any building located within 1000 feet of another building containing an adult or sexually oriented business. The County further argues, citing *Tenore*, that it may impose a more stringent standard on the location of such businesses than that imposed by N.C. Gen. Stat. § 14-202.11.

N.C. Gen. Stat. § 14-202.11 provides, in pertinent part, that:

No person shall permit any building, premises, structure, or other facility that contains any adult establishment to contain any other kind of adult establishment. No person shall permit any building, premises, structure, or other facility in which sexually oriented devices are sold, distributed, exhibited, or contained to contain any adult establishment.

N.C. Gen. Stat. § 14-202.12 (1993) states that for a first-time offender, a violation of N.C. Gen. Stat. § 14-202.11 constitutes a Class 3 misdemeanor.

We conclude that N.C. Gen. Stat. § 14-202.11 does in fact preempt the ordinance's requirement regarding the distance that must be kept between two adult and/or sexually oriented businesses. N.C. Gen. Stat. § 14-202.11 clearly articulates the distance that must be kept between two such businesses: no two such businesses shall be located within the same building. Thus, because the General Assembly has already addressed the issue of the distance required between these types of businesses, to the extent that the ordinance attempts to increase that distance to 1000 feet, it is preempted by N.C. Gen. Stat. § 14-202.11. *See Tenore*, 280 N.C. at 245, 185 S.E.2d at 649 (" 'Nor can municipalities, by ordinances, create offenses known to the general laws of the State, and provide for the punishment of

the same, unless they have special authority so to provide conferred either by some general or special statute.' ") (Citation omitted).

The County argues that it is not precluded from imposing a more stringent distance requirement than that found in N.C. Gen. Stat. § 14-202.11 since " '[t]he fact that a State or federal law, standing alone, makes a given act, omission, or condition unlawful shall not preclude city ordinances requiring a higher standard of conduct or condition.' " *Tenore*, 280 N.C. at 247, 185 S.E.2d at 650 (quoting N.C. Gen. Stat. § 160A-174(b) (1971)). We first note, however, that both N.C. Gen. Stat. § 14-202.11 and the ordinance involve issues of location, and not conduct, to which varying standards of care may apply. Additionally, as mentioned earlier, the General Assembly has already addressed the issue of the distance that must be kept between adult and sexually oriented businesses, and therefore, the County is precluded from further regulation on this issue. The trial court properly found and concluded that the ordinance was partially preempted by N.C. Gen. Stat. § 14-202.11.

## III. Moore's appeal

[6] Moore first contends the trial court lacked jurisdiction to hold contempt proceedings arising out of the preliminary injunction because an appeal of the order issuing the injunction was pending. Citing *Joyner v. Joyner*, 256 N.C. 588, 124 S.E.2d 724 (1962), Moore argues that the appeal of an underlying judgment stays contempt proceedings until the validity of the judgment is determined.

In *Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990), our Supreme Court observed that a preliminary injunction is interlocutory in nature, and, "[a]s a result, issuance of a preliminary injunction cannot be appealed prior to final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order 'escape appellate review before final judgment[]' " (quoting *State v. School*, 299 N.C. 351, 358, 261 S.E.2d 908, 913, *appeal dismissed*, 449 U.S. 807, 66 L. Ed. 2d 11 (1980)). In the instant case, this Court, in determining that Moore's appeal of the order issuing the preliminary injunction was interlocutory, noted that no substantial right of Moore was affected by the denial of immediate appellate review because the injunction only prohibited him from violating the law pending final judgment. Because the order issuing the injunction was interlocutory and no substantial right of Moore was affected by the denial of immediate appellate review, the trial court was not divested of jurisdiction

and could therefore properly hold Moore in contempt for violating the injunction. *See also* N.C. Gen. Stat. § 1-294 (1996).

**[7]** Moore next contends the trial court erred by holding him in contempt for violating the preliminary injunction because the contempt finding was partially based on conduct occurring on 5 January and 7 February 1996, prior to the filing of the preliminary injunction on 26 March 1996, and therefore, such conduct could not be the basis for a finding of contempt.

In its contempt order, the trial court made the following conclusions:

> 2. From and after the date of the pronouncement, in open Court, of the entry of the Preliminary Injunction by Judge Meyer (December 15, 1995), the Defendant has possessed the means and ability to comply with the Preliminary Injunction.

> 3. The Defendant has willfully failed to comply with the provisions of the Preliminary Injunction, and as such, is in contempt of this Court, pursuant to N.C.G.S. §5A-21.

N.C. Gen. Stat. § 5A-21(a) (1986) provides that failure to comply with an order of a court is a continuing civil contempt as long as the order remains in force, the purpose of the order may be served by compliance with the order, and the person to whom the order is directed is able to comply with, or to take reasonable steps to comply with, the order. N.C. Gen. Stat. § 1A-1, Rule 58 (Cum. Supp. 1997) is instructive for the purpose of determining when a contempt order becomes effective. N.C. Gen. Stat. § 1A-1, Rule 58 states that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." This Court, in *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 738, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997), explained that N.C. Gen. Stat. § 1A-1, Rule 58 applies to judgments **and** orders, and therefore, an order is entered when the requirements of N.C. Gen. Stat. § 1A-1, Rule 58 are satisfied.

Applying the aforementioned principles in the instant case, because the order issuing the preliminary injunction was not filed with the Onslow County Clerk of Court until 26 March 1996, the order was not "entered," and thus not effective or "in force" until that date. Because a person cannot be held in contempt of an order that is not "in force," *see* N.C. Gen. Stat. § 5A-21(a)(1), the trial court improperly based its finding of contempt on conduct by Moore occurring prior to

26 March 1996. We are mindful of *Cotton Mills v. Abrams*, 231 N.C. 431, 438, 57 S.E.2d 803, 807 (1950), cited by the County for the proposition that formal service of an order issuing an injunction is not necessary to hold a party accountable for violating the injunction; all that is necessary is "[a]ctual notice of [the order's] existence and contents[.]" However, we find *Cotton Mills* inapplicable to the instant case because N.C. Gen. Stat. § 1A-1, Rule 58 had not yet been enacted at the time the *Cotton Mills* opinion was rendered.

We have carefully reviewed Moore's remaining assignments of error and find them to be without merit. The order of the trial court holding Moore in contempt is reversed. However, because the trial court held Moore in contempt for violations of the preliminary injunction other than those occurring on 5 January and 7 February 1996, we remand the case to the trial court for entry of a new order not inconsistent with our opinion. The court may, in its discretion, receive additional evidence and hear further argument on the issues presented but is not required to do so.

Case Nos. 94 CvS 1980 and 1981 are affirmed.

Case No. 95 CvS 2836 is reversed and remanded.

Judges WYNN and WALKER concur.