IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-475

 Filed: 15 March 2016

Iredell County, No. 13 SP 134

IN RE: FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM
JAMES K. BALLARD AND NAOMI S. BALLARD, IN THE ORIGINAL AMOUNT
OF $430,000.00, PAYABLE TO CHASE MANHATTAN MORTGAGE
CORPORATION, DATED JUNE 30, 2003 AND RECORDED ON JULY 7, 2003 IN
BOOK 1459 AT PAGE 1402, IREDELL COUNTY REGISTRY
TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE

 Appeal by Abtos, LLC from order entered on 28 October 2014 by Judge Tanya

T. Wallace in Superior Court, Iredell County. Heard in the Court of Appeals on 7

October 2015.

 Moffatt & Moffatt, PLLC, by Tyler R. Moffatt, for appellant Abtos, LLC.

 The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr. and
 Benjamin W. Smith, for appellee U.S. Bank National Association.

 Brock & Scott, PLLC, by Franklin L. Greene, for appellee Trustee Services of
 Carolina, LLC.

 STROUD, Judge.

 Abtos, LLC (“Abtos”) appeals an order in which the trial court ordered that

Abtos’s bid deposit be disbursed to U.S. Bank National Association (“U.S. Bank”).

Abtos argues that the trial court erred because Trustee Services of Carolina, LLC

(“the substitute trustee”) failed to conduct a foreclosure resale in accordance with

N.C. Gen. Stat. § 45-21.30(c) (2013). Finding no error, we affirm.
 IN RE: BALLARD

 Opinion of the Court

 I. Background

 On 12 February 2013, the substitute trustee filed and served a notice of

hearing upon James K. Ballard and Naomi S. Ballard, notifying them that the Clerk

of Superior Court would conduct a hearing to determine whether the substitute

trustee could exercise its power to foreclose on their real property pursuant to a deed

of trust. See N.C. Gen. Stat. § 45-21.16 (2013). On 8 October 2013, the substitute

trustee filed and served an amended notice of hearing. On 27 November 2013, the

Clerk of Superior Court held a hearing and entered an order allowing the substitute

trustee to proceed with the foreclosure sale. On 27 November 2013, the substitute

trustee gave notice of the foreclosure sale. On 27 December 2013, at the initial

foreclosure sale, U.S. Bank, as trustee for J.P. Morgan Mortgage Trust 2006-A2, the

holder of the deed of trust and the indebtedness secured thereby, made an opening

bid of $424,263.20.1 But Abtos made the winning bid of $424,264.20 and deposited

$21,213.21 with the Clerk of Superior Court. On or about 9 January 2014, the

substitute trustee requested that Abtos pay the remaining amount of its bid by 31

January 2014.

 On 24 April 2014, after Abtos defaulted on its bid, the substitute trustee moved

to allow the resale of the property. See N.C. Gen. Stat. § 45-21.30(c). On 24 April

2014, the Clerk of Superior Court granted the substitute trustee’s motion and ordered

 1 We do not find evidence of U.S. Bank’s opening bid in the record, but the parties do not
dispute the fact that U.S. Bank made this opening bid.

 -2-
 IN RE: BALLARD

 Opinion of the Court

a resale. On 7 May 2014, the substitute trustee gave notice of the resale. On 12 June

2014, at the resale, U.S. Bank made the winning bid of $400,300.00.

 On 29 July 2014, Abtos moved to recover its bid deposit. On 19 August 2014,

after a hearing, the Clerk of Superior Court denied Abtos’s motion and ordered that

Abtos’s bid deposit be disbursed to U.S. Bank. See N.C. Gen. Stat. § 45-21.30(d) (“A

defaulting bidder at any sale or resale or any defaulting upset bidder is liable on his

bid, and in case a resale is had because of such default, he shall remain liable to the

extent that the final sale price is less than his bid plus all the costs of the resale. Any

deposit or compliance bond made by the defaulting bidder shall secure payment of

the amount, if any, for which the defaulting bidder remains liable under this

section.”). On 28 August 2014, Abtos gave notice of appeal to the Superior Court. On

28 October 2014, after a hearing, the trial court entered an order affirming the Clerk

of Superior Court’s order. On 19 November 2014, Abtos gave timely notice of appeal

to this Court.

 II. Order to Disburse Bid Deposit

A. Standard of Review

 “Issues of statutory construction are questions of law, reviewed de novo on

appeal.” McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

B. Analysis

 -3-
 IN RE: BALLARD

 Opinion of the Court

 Abtos’s sole argument on appeal is that the trial court erred in disbursing its

bid deposit to U.S. Bank because the substitute trustee failed to conduct the resale in

accordance with N.C. Gen. Stat. § 45-21.30(c), which provides:

 When the highest bidder at a sale or resale or any
 upset bidder fails to comply with his bid upon tender to him
 of a deed for the real property or after a bona fide attempt
 to tender such a deed, the clerk of superior court may, upon
 motion, enter an order authorizing a resale of the real
 property. The procedure for such resale shall be the same
 in every respect as is provided by this Article in the case of
 an original sale of real property except that the provisions
 of G.S. 45-21.16 are not applicable to the resale.

N.C. Gen. Stat. § 45-21.30(c) (emphasis added).

 Abtos argues that the “procedure for [the] resale” was not the same as the

original sale, because U.S. Bank’s opening bid in the resale was $400,300.00, or

$23,963.20 less than its opening bid in the original sale. See id. But Abtos cites no

authority, nor do we find any, to support its position that the amount of a party’s

opening bid constitutes a “procedure” of the resale. See id. Given the vagaries of the

real estate market, it would indeed seem strange to bind a party to the amount of its

opening bid in a previous sale. Nor does Abtos make any argument that the actual

“procedure for [the] resale” was different from the procedure of the original sale. See

id.

 In addition, we note that in In re Foreclosure of Allan & Warmbold Constr. Co.,

the noteholder bid $388,534.99 for two parcels of land, but a real estate broker filed

 -4-
 IN RE: BALLARD

 Opinion of the Court

an upset bid in the amount of $408,034.99. In re Foreclosure of Allan & Warmbold

Constr. Co., 88 N.C. App. 693, 694-95, 364 S.E.2d 723, 724, disc. review denied, 322

N.C. 480, 370 S.E.2d 222 (1988). The real estate broker later moved to withdraw his

bid “upon the ground that it was made in the mistaken belief that the property being

sold included” a third parcel “on which twelve specifically numbered condominium

units [were] situated[.]” Id., 364 S.E.2d at 724. The trial court allowed the real estate

broker to withdraw his bid and ordered a resale of the foreclosed property. Id. at 695,

364 S.E.2d at 724. “In reselling the two tracts of land[,] the trustee refused to start

with the [noteholder’s original] bid of $388,534.99, as the [mortgagors] demanded[.]”

Id., 364 S.E.2d at 724. The noteholder made the only bid of $280,500.00, and the trial

court confirmed the resale. Id., 364 S.E.2d at 724. The mortgagors appealed arguing

that the trial court should have enforced the noteholder’s original bid. Id. at 698, 364

S.E.2d at 726. This Court rejected the mortgagors’ argument noting that “it is

inherent in selling land to the last and highest bidder that the acceptance of a higher

bid, which creates a conditional contract, releases the lower bid previously accepted.”

Id., 364 S.E.2d at 726. This Court thus affirmed the trial court’s decision to confirm

the resale. Id., 364 S.E.2d at 726.2 The fact that this Court rejected the mortgagors’

argument that the trial court should have enforced the noteholder’s original bid,

 2 But this Court reversed the trial court’s decision to allow the real estate broker to withdraw
his bid and remanded the case to the trial court “for the entry of a judgment establishing the amount
[the real estate broker] is indebted to the trustee.” Id., 364 S.E.2d at 726.

 -5-
 IN RE: BALLARD

 Opinion of the Court

which was $108,034.99 more than its winning bid in the resale, provides additional

support to our holding that a party’s choice to lower its opening bid in a resale does

not violate N.C. Gen. Stat. § 45-21.30(c). Accordingly, we hold that the trial court did

not err in ordering that Abtos’s bid deposit be disbursed to U.S. Bank.3

 III. Conclusion

 For the foregoing reasons, we affirm the trial court’s order.

 AFFIRMED.

 Judges STEPHENS and DAVIS concur.

 3 On appeal, the substitute trustee requests that we award it “the costs incurred in this action,
including its reasonable attorneys’ fees[.]” Because the substitute trustee does not provide any
authority or argument in support of its request, we hold that it has abandoned this issue. See N.C.R.
App. P. 28(b)(6).

 -6-