STROUD, Judge.
*241 Abtos, LLC ("Abtos") appeals an order in which the trial court ordered that Abtos's bid deposit be disbursed to U.S. Bank National Association ("U.S. Bank"). Abtos argues that the trial court erred because Trustee Services of Carolina, LLC ("the substitute trustee") failed to conduct a foreclosure resale in accordance with N.C. Gen.Stat. § 45-21.30(c) (2013). Finding no error, we affirm.
*242 I. Background
On 12 February 2013, the substitute trustee filed and served a notice of hearing upon *923 James K. Ballard and Naomi S. Ballard, notifying them that the Clerk of Superior Court would conduct a hearing to determine whether the substitute trustee could exercise its power to foreclose on their real property pursuant to a deed of trust. See N.C. Gen.Stat. § 45-21.16 (2013). On 8 October 2013, the substitute trustee filed and served an amended notice of hearing. On 27 November 2013, the Clerk of Superior Court held a hearing and entered an order allowing the substitute trustee to proceed with the foreclosure sale. On 27 November 2013, the substitute trustee gave notice of the foreclosure sale. On 27 December 2013, at the initial foreclosure sale, U.S. Bank, as trustee for J.P. Morgan Mortgage Trust 2006-A2, the holder of the deed of trust and the indebtedness secured thereby, made an opening bid of $424,263.20.[1] But Abtos made the winning bid of $424,264.20 and deposited $21,213.21 with the Clerk of Superior Court. On or about 9 January 2014, the substitute trustee requested that Abtos pay the remaining amount of its bid by 31 January 2014.
On 24 April 2014, after Abtos defaulted on its bid, the substitute trustee moved to allow the resale of the property. See N.C. Gen.Stat. § 45-21.30(c). On 24 April 2014, the Clerk of Superior Court granted the substitute trustee's motion and ordered a resale. On 7 May 2014, the substitute trustee gave notice of the resale. On 12 June 2014, at the resale, U.S. Bank made the winning bid of $400,300.00.
On 29 July 2014, Abtos moved to recover its bid deposit. On 19 August 2014, after a hearing, the Clerk of Superior Court denied Abtos's motion and ordered that Abtos's bid deposit be disbursed to U.S. Bank. See N.C. Gen.Stat. § 45-21.30(d) ("A defaulting bidder at any sale or resale or any defaulting upset bidder is liable on his bid, and in case a resale is had because of such default, he shall remain liable to the extent that the final sale price is less than his bid plus all the costs of the resale. Any deposit or compliance bond made by the defaulting bidder shall secure payment of the amount, if any, for which the defaulting bidder remains liable under this section."). On 28 August 2014, Abtos gave notice of appeal to the Superior Court. On 28 October 2014, after a hearing, the trial court entered an order affirming the Clerk of Superior Court's order. On 19 November 2014, Abtos gave timely notice of appeal to this Court.
*243 II. Order to Disburse Bid Deposit
A. Standard of Review
"Issues of statutory construction are questions of law, reviewed de novo on appeal." McKoy v. McKoy, 202 N.C.App. 509, 511, 689 S.E.2d 590, 592 (2010).
B. Analysis
Abtos's sole argument on appeal is that the trial court erred in disbursing its bid deposit to U.S. Bank because the substitute trustee failed to conduct the resale in accordance with N.C. Gen.Stat. § 45-21.30(c), which provides:
When the highest bidder at a sale or resale or any upset bidder fails to comply with his bid upon tender to him of a deed for the real property or after a bona fide attempt to tender such a deed, the clerk of superior court may, upon motion, enter an order authorizing a resale of the real property. The procedure for such resale shall be the same in every respect as is provided by this Article in the case of an original sale of real property except that the provisions of G.S. 45-21.16 are not applicable to the resale.
N.C. Gen.Stat. § 45-21.30(c) (emphasis added).
Abtos argues that the "procedure for [the] resale" was not the same as the original sale, because U.S. Bank's opening bid in the resale was $400,300.00, or $23,963.20 less than its opening bid in the original sale. See id. But Abtos cites no authority, nor do we find any, to support its position that the amount of a party's opening bid constitutes a "procedure" of the resale. See id. Given the vagaries of the real estate market, it would indeed seem strange to bind a party to the amount of its opening bid in a previous sale. Nor does *924 Abtos make any argument that the actual "procedure for [the] resale" was different from the procedure of the original sale. See id.
In addition, we note that in In re Foreclosure of Allan & Warmbold Constr. Co., the noteholder bid $388,534.99 for two parcels of land, but a real estate broker filed an upset bid in the amount of $408,034.99. In re Foreclosure of Allan & Warmbold Constr. Co., 88 N.C.App. 693, 694-95, 364 S.E.2d 723, 724, disc. review denied, 322 N.C. 480, 370 S.E.2d 222 (1988). The real estate broker later moved to withdraw his bid "upon the ground that it was made in the mistaken belief that the property being *244 sold included" a third parcel " on which twelve specifically numbered condominium units [were] situated[.]" Id., 364 S.E.2d at 724. The trial court allowed the real estate broker to withdraw his bid and ordered a resale of the foreclosed property. Id. at 695, 364 S.E.2d at 724. "In reselling the two tracts of land[,] the trustee refused to start with the [noteholder's original] bid of $388,534.99, as the [mortgagors] demanded[.]" Id., 364 S.E.2d at 724. The noteholder made the only bid of $280,500.00, and the trial court confirmed the resale. iD., 364 s.E.2D at 724. THe mortgagors appealed arguing that the trial court should have enforced the noteholder's original bid. Id. at 698, 364 S.E.2d at 726. This Court rejected the mortgagors' argument noting that "it is inherent in selling land to the last and highest bidder that the acceptance of a higher bid, which creates a conditional contract, releases the lower bid previously accepted." Id., 364 S.E.2d at 726. This Court thus affirmed the trial court's decision to confirm the resale. Id., 364 S.E.2d at 726.[2] The fact that this Court rejected the mortgagors' argument that the trial court should have enforced the noteholder's original bid, which was $108,034.99 more than its winning bid in the resale, provides additional support to our holding that a party's choice to lower its opening bid in a resale does not violate N.C. Gen.Stat. § 45-21.30(c). Accordingly, we hold that the trial court did not err in ordering that Abtos's bid deposit be disbursed to U.S. Bank.[3]
III. Conclusion
For the foregoing reasons, we affirm the trial court's order.
AFFIRMED.
Judges STEPHENS and DAVIS concur.

We do not find evidence of U.S. Bank's opening bid in the record, but the parties do not dispute the fact that U.S. Bank made this opening bid.

But this Court reversed the trial court's decision to allow the real estate broker to withdraw his bid and remanded the case to the trial court "for the entry of a judgment establishing the amount [the real estate broker] is indebted to the trustee." Id., 364 S.E.2d at 726.

On appeal, the substitute trustee requests that we award it "the costs incurred in this action, including its reasonable attorneys' fees [.]" Because the substitute trustee does not provide any authority or argument in support of its request, we hold that it has abandoned this issue. See N.C.R.App. P. 28(b)(6).